## DRAFT FORMAL COMPLAINT OF DISCRIMINATION

*PRIVACY ACT STATEMENT (6 USC 552a)*

**Authority:** Public Law 92-261

**Principle Purpose:** Format filing of allegation of discrimination because of race, color, religion, sex, handicap, age, national origin or reprisal.

**Routine:** This form and the information on this form may be used: (a) as a data source for complaint information for production of summary descriptive statistics and analytical studies of complaints processing and resolution efforts and may also be used to respond to general requests for information under the Freedom of Information Act; (b) to respond to requests from legitimate outside individuals or agencies (e.g., Members of Congress, The White House, and the Equal Employment Opportunity Commission (EEOC) regarding the status of the complaint or appeal; and (c) to adjudicate complaint or appeal.

**Disclosure:** Voluntary; however, failure to complete all appropriate portions of this form may lead to rejection of complaint on the basis of inadequate date on which to determine if complaint is acceptable.

| | |
|---|---|
| 1. NAME OF COMPLAINT (Last, First, Middle Initial)<br>Richard L. Miller | 4. ADDRESS (Include City, State, and ZIP Code)<br>1515 Arlington Ridge Road, #304 Arlington Va 22202 |
| 2. SSN<br>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 | |
| 3b. HOME TELEPHONE NO.   3a. WORK TELPEHONE NO.<br>703-685-3709                    202-365-1061 | |
| 5. ARE YOU BEING REPRESENTED?<br>☐ a. Yes (Complete 5c)   X☐ b. No | 5c. IF YES, NAME OF REPRESENTATIVE |
| 6a. NAME OF ORGANIZATION YOU BELIEVE DISCRIMINATED AGAINST YOU<br>National Transportation Safety Board (NTSB) | 6b. ADDRESS OF ALLEGED DISCRIMINATION ORGANIZATION (Include City, State, and Zip)<br>490 L'Enfant Plaza SW Washington DC 20594 |

| | | |
|---|---|---|
| 7. NTSB OFFICE YOU BELIEVE DISCRIMINATED AGAINST YOU<br>CFO/HR/Office of Management-MD/EEO | 8. DATE ON WHICH MOST RECENT ALLEGED DISCRIMINATION OCCURRED<br>Presently | 9. ARE YOU WORKING FOR THE FEDERAL GOVT.?<br>X☐ a. Yes (Complete items 10,11,12)<br>☐ b. No (Skip to item 13) |
| 10. NAME OF AGENCY WHERE YOU ARE CURRENTLY EMPLOYED<br>NTSB | | 12a. TITLE OF YOUR CURRENT JOB<br>Financial Management Specialist |
| 11. ADDRESS OF YOUR CURRENT EMPLOYER (Include City, State, and ZIP Code)<br>490 L'Enfant Plaza SW Washington DC 20594 | | 12b. GRADE<br>GS-14 |

NTSB FORM 2000-A-NOV 00

13. Reason you believe you were discriminated against (Check Below)

| | | | |
|---|---|---|---|
| a. RACE (State your Race) | | e. HANDICAP | X☐ Mental  X☐Physical |
| b. COLOR (State your Color) | | f. SEX | ☐ Female  X☐ Male |
| c. RELIGION (State your Religion) | | g. AGE (Specify age) | 57 |
| d. NATIONAL ORIGIN (State Natl. Origin) | | h. REPRISAL—Reprisal--YES | |

| 14. I HAVE DISCUSSED MY COMPLAINT WITH AN EEO COUNSELOR (See Reverse) INTERVIEW ~~X☐ a. Yes (Complete 14c)   ☐ b. No~~ | 14c. IF YES, NAME OF COUNSELOR  Donna Lewis | 15. DATE OF FINAL 1/06/06 |
|---|---|---|

16. EXPLAIN SPECIFICALLY HOW YOU WERE DISCRIMINATED AGAINST (That is, treated differently from other employees or applicants, because of your race, color, religion, sex, national origin, age, mental or physical handicap, or reprisal.) If your complaint involves more than one basis for your dissatisfaction, list and number each such allegation separately and furnish specific, factual information in support of each.) (Use additional sheets, if necessary.)

Allegation No. 1:

SEE ATTACHED

17. LIST IN ITEM 20 THE NAMES OF YOUR WITNESSES AND WHAT FACTUAL INFORMATION EACH WILL BE EXPECTED TO CONTRIBUTE THROUGH HIS/HER TESTIMONY TO THE INVESTIGATION OF YOUR COMPLAINT.

18. WHAT SPECIFIC CORRECTIVE ACTION DO YOU WANT TAKEN ON YOUR COMPLAINT? ( If more than one allegation is being made, state overall corrective action desired and the specific corrective action desired for each separate allegation.)

SEE ATTACHED

19. HAVE THE MATTERS LISTED IN ITEM 16 BEEN APPEALED TO THE MERIT SYSTEM PROTECTION BOARD OR FILED UNDER A NEGOTIATED GRIEVANCE PROCEDURE?
   ☐ a. Yes (Explain in item 20)   X☐ b. No

20. REMARKS

SEE ATTACHED

21. SIGNATURE OF COMPLAINANT    22. DATE THIS COMPLAINT FORM 1/24/06

NTSB FORM 2000-A-NOV 00

| | WAS SIGNED BY THE COMPLAINT (Month, day, year) |
|---|---|

## To be Completed by the NTSB's EEO Director

I certify that: (1) The complainant has reaffirmed this complaint in my presence and has stated that the facts contained therein are true to the best of his/her knowledge; (2) a determined effort at informal resolution of this complaint failed to produce a solution satisfactory to the complainant; and (3) local management in the appropriate change of command has been informed concerning the complaint and its submission in the above format.

| 23. SIGNATURE OF EEOO | 24a. TYPED NAME AND TITLE OF EEO Director |
|---|---|
|  | 24b. ADDRESS OF EEO Office |
| 25. DATE COMPLAINT FILED WITH EEOO PROCESSING | 26. TELEPHONE NO. OF EEO Office COMPLAINT |

The matter(s) giving rise to the complaint will be coded using one or more of the following codes:

| CATEGORY | CODE | CATEGORY | CODE | CATEGORY | CODE |
|---|---|---|---|---|---|
| Appointment | (1) | Training | (9) | Reprisal | (17) |
| Promotion | (2) | Time & Attendance | (10) | Pay, including Overtime | (18) |
| Reassignment | (3) | Retirement | (11) | Conversion to Full Time/ |  |
| Separation/Termination | (4) | Assignment to Duties | (12) | Career Conditional | (19) |
| Suspension | (5) | Exam/Test | (13) | Reinstatement | (20) |
| Reprimand | (6) | Work Conditions | (14) | Awards | (21) |
| Evaluation/Appraisal | (7) | Harassment | (15) | And/Or Other (Specify) | (22) |
| Duty Hours | (8) | Sexual Harassment | (16) |  |  |

27. Enter Code(s) for Matter (s) Giving Rise to the Complaint _____

### INFORMATION CONCERNING THE PROCESSING OF YOUR COMPLAINT OF DISCRIMINATION

This form will be used only if you, as an NTSB employee or as an applicant for Federal employment, think you have been treated unfairly because of your race, color, religion, sex, national origin, age, mental or physical handicap, or reprisal. If you have any questions concerning the completion of this form, you may contact the Equal Employment Opportunity Officer (EEOO) at NTSB.

Your written, formal complaint must be filed within 15 calendar days of the date of your final interview with the EEO counselor. If the matter has not been resolved to your satisfaction you have a right to file a complaint at any time thereafter up to 15 days after the final interview. Your written formal complaint must be filed within 15 calendar days of the date of your final interview with the EEO counselor. This time limit may be extended if you can give a good reason for not submitting the complaint within the 15 calendar day limit.

You may have a representative at all stages of the processing of your complaint. You or your representative should personally file your complaint with the EEOO of your activity.

If your complaint is accepted, you will have an opportunity to talk with an impartial investigator from an independent contractor to give him or her all the facts you have which you believe will support your complaint. If your complaint is rejected, you will be advised in writing of the reason(s) and advised of the right to appeal. Upon completion of the investigation of your complaint, you will receive a copy of the investigator's report and an attempt will be made to resolve the complaint then.

If your complaint cannot be settled informally on the basis of the investigation, you may request a review of your record by the NTSB, Director of Equal Employment Opportunity, or you may request a hearing at this stage. If a hearing is requested, it will be conducted by an administrative judge designated by the EEOC. The findings, analysis, and recommendations will be forwarded to the Director of EEO for decision. You will be advised by the Director of the decision and provided a copy of the case record.

If you are not satisfied with the Director's decision, you will have the right to appeal to the Office of Review and

Appeals of the EEOC, P.O. Box 19848, Washington, D.C. 20036, within 30 calendar days after receipt of the decision.

Please be specific in stating the facts concerning your complaint in items 15 through 19.

ATTACHMENT FOR EEO FORMAL

16. EXPLAIN SPECIFICALLY HOW YOU WERE DISCRIMINATED AGAINST (That is, treated differently from other employees or applicants, because of your race, color, religion, sex, national origin, age, mental or physical handicap, or reprisal.) If your complaint involves more than one basis for your dissatisfaction, list and number each such allegation separately and furnish specific, factual information in support of each.) (Use additional sheets, if necessary.)

1) The agency has harassed me due to age/sex by not allowing Family Medical Leave when it was appropriate, by supervisor invoking the FML but not telling me until much later; denial of FML when I ask to invoke it and by not providing requested and required information. My supervisor actually backdated his invoking of the Family Medical Leave, would not provide me with copies of the leave request he turned in, and denied me access to the leave system everyone else at NTSB uses and has been untruthful about such acts. Agency retatiliated and discriminated because it is treating Mr. Miller different from other NTSB employees who have used FML.

2) The agency continues its hostile actions and harassment due to age and medical condition by violating Federal Regulations that an employee's Workman's Compensation Claim has to be forwarded to OWCP within 10 days. The agency has now held my claim form for 80 some days, says OWCP is OK with this delay, and just says the delay is due to "limited resources". Cindy Lepson tells the EEO Counselor and OWCP that Frances Croom is in constant contact with OWCP and that OWCP is OK with NTSB delay and non-forwarding of the claim. Lepson says the delay is due to the checklists; however, the checklists should not delay the submittal. In 80 days, five people (Mills, Libera, Lepson, Lepson's backup and Croom) plus medical and legal consultants have not had time to forward the simple employee claim form to OWCP? This number of people and hiring consultants doesn't sound like limited resources to me or to Congress. My lawyer and I informed NTSB since the submittal that the claim has to be forwarded in 10 days to OWCP. My supervisor even told me that NTSB's delay would not affect when/how OWCP decided on my claim; HR told me on November 16th that they would send the claim either on November 16 or November 17th; in December—I was told NTSB was putting the finishing touches on my claim---yet a month later, NTSB isn't even concerned the claim form has not been sent to OWCP. On Workman's Compensation filings, NTSB has limited resources; however they haven't had limited resources over the past few years on bonuses for management, training tuition for everyone besides me, and the funds provided for the NTSB Academy.

3) Did other employees who filed Workman's Compensation claims, including the 15 on CA-2 Workman's Compensation, have to wait 80 days for their claim to be forwarded to OWCP?

4) The Agency has discriminated and retaliated against me due to age, contacting DOT IG and Congress, my medical condition and violated 20 CFR Sec. 10.110 (2005);
5) The Agency has discriminated and retaliated against me due to age, contacting DOT IG/Congress, my medical condition and violated 18 USC Sec. 1922, Title 18, Part 1, Chapter 93, Sec. 1922: False or Withheld Report Concerning Federal Employee's Compensation.
6) The Agency has discriminated by attempting to compel and induce me to have to take their offer to abolish my job, offer me Discontinued Service Retirement but only if I drop my EEO and Workman's Comp Cases.
7) In the CFOs attempted transfer of the Purchase Card Program to please a former Chairman, the Agency discriminated/harasses/retaliated to degrade the very successful NTSB Credit Card Program which I established and which brought back financial accountability to the agency after two people went to prison. The Agency eliminated my major oversight function to hire a former Chairman's friends. The Agency told me the Chairman decided to take the day to day operations of the Purchase Card Program away from me and give a new position to Lola Ward. The Agency required me---and I was happy to write a Purchase Card Transition Plan for the former Chairman but the Agency would not---including the former Chairman would/could not answer what they meant/wanted by day to day operations and oversight, etc. (Basically I couldn't get any answers on what the Chairman wanted me to do and what she wanted Lola Ward to do). The Agency retaliated by age in that it replaced my day to day functions by two young employees---one in his 30s and one in his 20's-and neither had agency credit card experience. The one in his thirties has already been promoted to a GS-15. The Agency harassed me by not including me in meetings---on my program, by trying to degrade and lessen the oversight in one of the best credit card programs in the government, by having two people do part of one job I had, by totally ignoring my recommendations, and by seeing most controls were taken off a program I had worked very hard to make successful and to make employees very aware of misuse of government credit cards. Yet the agency withholds these and other work products from me and it is my understanding that I am suppose to have my work products.
8) The agency has not made any attempt to accommodate or even consider my age and medical condition. Yet for other employees, the agency has bent over backwards to consider their medical condition.
9) The agency continues to "lock" me out of emails/documents/calendar/addresses/information, etc. on EEO/Workman's Compensation/PIP/Proposal to Remove, my work products, etc. prior to the Proposal to Remove and information issued to other employees since the Proposal to Remove including Leave and Family Medical Leave Request, Available Positions, what is going on with the credit card programs, the FMRA, job announcements, Disability Retirement and Discontinued Service Retirement calculations (with explanation), etc. The Agency has denied this access in order that I could not keep up with NTSB/CF/O/Credit Card Program happenings and then I couldn't return to work. My question is how can an agency expect you to

return to work if they don't let you know what is going on in the last 3-4 months? This is a deliberate attempt by the Agency to not to allow me to return to my position.

10) The Agency retaliated in not including me in the several meetings on the DOT IG Audit, including the list of meetings the DOT IG provided.

11) I realize now that the agency retaliated on issuing the Proposal to Remove because 1) I found out the DOT IG Audit was released and sent to Congress without allowing me to comment on the draft DOT IG Audit, and since the other DOT IG Audit issued around the same time was so negative---NTSB was trying to protect the former Chairman in her re-nomination by not having two bad DOT IG Audits at the same time---2) denying me my job of doing the FMRA Risk Assessment (this is continual harassment because as the DOT IG has been informed)---last year I had to meet my supervisor for two and half hours where he tried to get me to change my answers---they would only give me a copy of his changes after I discovered that he had given his changes to the DOT IG; and CFO Management still can not tell me what the grading means in the my assessment and the overall CFO and Agency ratings (and how my supervisor's changes affected the risk assessment); 3) by covering for information (to protect their mistakes) that NTSB would not supply me such items as the DOI Interagency Agreement/Statement of Work and the reason for not balancing what we pay CitiBank nightly until the DOT IG is going to do an audit; 4) by not considering the Public Health Service's recommendation; 5) doing a string of personnel practices to create jobs/positions---including taking a person's SES to give to the person taking over the Purchase Card Program, then giving this former SES an SL with two people reporting to him—including a GS-15, and creating two new positions to replace one position (also for their friends) and making a GS-15 fit their friends qualifications; 6) not allowing NTSB employees—including myself to apply for the promotion for Mill's GS-15 promotion; 7) continually disregarding the fact that CitiBank could do what we were paying DOI to do---and then asking me to tell them if DOI was doing their job; and 8) not allowing me to perform my financial specialists functions.

12) The Agency retaliated against me because I informed DOT IG of misuse of government fund including items in the DOT IG Audit ---the person in the Managing Director's office who signed off on the Purchase Card purchases did not even have the authority to sign (and only received it much later), this office had a huge percentage of items that couldn't be verified as ok to purchase or that NTSB even received the items for which we had already paid CitiBank, and that it was the CFO who would not do the Annual Review of Credit Cards, then CFO Management told an untruth (that I informed my supervisor was not correct and that I would not agree with) to the DOT IG that the FMRA replaced the Annual review, then CFO Management was forced to changed their story again. All this was done to set me up for failure and to harass me as they protected themselves.

13) NTSB retaliated and harassed because I went to the DOT IG and Congress, and filed EEO and two valid (but denied by NTSB) Workman's Comp injuries;

14) The agency discriminated when it denied my last EEO at the same time the agency was notified that a lawyer was representing me in my Workman's Comp case.
15) The agency has continually delayed consideration of the Proposal to Remove; the agency was presented the oral and written reply in October but still hasn't made a decision on the Proposal to Remove. Agency intentionally delayed a decision on the Proposal to Remove beyond the 60 and 120 day period and failed to provide claimant information on why they delayed beyond these OPM designated time periods;
16) The agency's Medical Consultant, the Public Health Service, told my supervisor on September 15th that the agency should ask for more medical information. My supervisor has continually ignored his own consultant's information and placed untruths on the letter informing me of his decision. Yet, Don Libera waited until late December to provide lists of several questions prepared by the same Public Health Service for three of my doctors. He also changed the requirements for the job, wanted a quick turnaround over the holidays, and would not pay the doctors for all this additional work. And, Mr. Libera did not mention that he had included a release CA-2 (Workman's Compensation) within this Proposal to Remove medical information release request (and which should not have anything to do with his Proposal to Remove decision---and especially since the agency has held the CA-2 for over 80 days beyond the federal regulations). Mr. Libera would not respond to my email on why the Medical Release also included the CA-2 medical release which the Agency was intentionally not forwarding to OWCP. This is just like the CFO and Deputy CFO not responding to requested information.
17) The agency's proposed negotiation was illegal; OPM has ruled against such proposals and required retirees to pay back their retirement; the agency's proposal for the Proposal to Remove and as the remedy for this EEO was an intent to compel and induce. This is a prime example of retaliation, hostile work environment, age discrimination and harassment.
18) I now realize that to please the former Chairman and hire her friends, the Agency discriminated by age in issuing a Performance Improvement Plan (PIP) and Proposal to Remove to only two employees---one 57 and one 59. In my case, the Agency intentionally gave confusing, and changing/conflicting directions on assignments. . The Agency has focused on compelling or inducing older employees to be removed. One older employee said she was being forced to leave because if she stayed the agency would give her a stroke. In some cases, these acts were done to provide permanent positions for much younger people. In my case I was continually told and received Excellent ratings but the agency then decided because of my age to get rid of me.
19) The Agency retaliates and creates a hostile work environment by not allowing employees to file grievances.
20) The Agency continually harasses me not allowing phone access, access to training, access to Quicktime, access to official leave system, etc.
21) EEO Director discriminated and used the wrong contact date (December 8---I believe) for initial contact and she was also allowed not to keep EEO information

as is required by EEO recordkeeping. The EEO Director is hampering this and previous EEO claims. This is retaliation.
22) Agency disregards claimant's medical condition, age and overall professional career; the Agency has discriminated by not considering claimant's employment record, past performances, etc.
23) Agency locked Mr. Miller out of doing or having any access to a big part of his job---including the FMRA Risk Assessment; Agency retaliated by not allowing Mr. Miller to do the duties in his Position Description/Standards.
24) Agency retaliates by informing employees that I was pushed out the door, pushed into the elevator, etc. Agency discriminates by not informing employees and outside people of the actual situation.
25) I realize now that Agency continually set- me up for failure, didn't consider impediments including computer problems (for years), assigned other tasks as priority and lower my evaluations because I was not timely (after losing 300 hours lost to Workman's Comp)----yet they are holding my CA-2 to induce and compel me to drop my EEO and Workers Comp claims, violating Federal Regulations, and holding the CA-2 claim for 80 days. This is not only a Federal violation but criminal—along with willfully and extremely untimely.
26) The Agency is discriminating by making Don Libera the Deciding Official because he is my supervisor's boss, had been my supervisor for part of the period, and is highly involved in discrimination in previous EEO cases.
27) I realize not that the Agency decided in early 2004 to get rid of me. Although the agency said they needed more medical information to make their decision on the Proposal to Remove, they told the EEO Counselor that they were not going to take me back. In addition Denise D'Avella said/implied that the agency had already made their decision in December (in order to avoid a removal on you record—you accept our terms).
28) The Agency intentionally delayed claimant's Voluntary Transfer Leave Program application (other employee---Diane Campbell's was issued on Jan. 3rd and I informed the agency of the importance of issuing my notice prior to Jan. 3 as a lot of potential donors were retiring on Jan. 3); Agency intentionally and discriminated by not providing Agency Policy on Voluntary Leave.
29) Agency has continued to increase and add to the discrimination, harassment and hostile environment, even more so, after issuing the Proposal to Removal. The Agency wants not only to ruin Mr. Miller's career at age 57 but to destroy any useful professional career. My doctors informed NTSB that if the hostile work environment ceased I could return to work and be an asset to the government. If the Agency had allowed me time off in the last two years and/or not continued to harass me by telling me to report within an hour and standing over me and only allowing me 1 hour at a time and their other acts over the last 4 months---I would not be in the medical condition they have placed me in now.
30) The Agency has discriminated and retaliated against me due to age/medical by either not responding to Congress, or a lengthy delay in responding to Congress that I have been given ever "due process".

#17 & 20: LIST IN ITEM 20 THE NAMES OF YOUR WITNESSES AND WHAT FACTUAL INFORMATION EACH WILL BE EXPECTED TO CONTRIBUTE THROUGH HIS/HER TESTIMONY TO THE INVESTIGATION OF YOUR COMPLAINT.

At this time a witness list has not been fully developed and will be supplied later; however, it will include current and former staff and members (including Bill Mills, Don Libera, Steve Goldberg, Joe Osterman, David Mayer, Lola Ward, Jim Arena, HR and Deputy, all staff involved in the credit card programs, former Chairman Engleman, Denise D'Avella, Acting Chairman Rosenker, Cindy Lepson, HR CA-2 Specialist, Chester Fischer, Fara Guest, and others), Congressional staff, DOT IG, medical professionals, attorneys, CitiBank officials, OWCP staff—including Tami Turner/Allison Lattu, and Union Representatives. Each will provide the factual information to their particular involvement—for example, medical professionals will provide the facts of my medical information as it applies to these areas. NTSB employees will provide information on the Purchase Card Transfer, creation of positions, denying access to apply for Bill Mills new promotion, DOT IG Audit, the credit card programs, the CA-2, grievances, etc. For example, D'Avella should provide the facts on the agency's efforts to get me to drop my EEO and Workman's Compensation claims. Congressional staff will provide the facts on Congress being able to obtain information from NTSB.

#18: WHAT SPECIFIC CORRECTIVE ACTION DO YOU WANT TAKEN ON YOUR COMPLAINT? ( If more than one allegation is being made, state overall corrective action desired and the specific corrective action desired for each separate allegation.)

Immediately stop all forms of discrimination, harassment, hostile work environment and disparate treatment—especially as they apply to all items provided in this claim; NTSB management should be sent through extensive EEO, harassment, age and medical training as it applies to these (and other) discriminating items. Claimant should be made whole. This includes (1) forwarding the CA-2 to OWCP per the federal regulations dates; (2) upper changes to the mid-year and annual performance evaluations dated May 2004, December 2004 and June 2005; (3) Removal of the Performance Improvement Plan; (4) Removal of the Proposal for Removal; (5) Reinstatement to the agency in equal position or detail to another agency/organization; (6) Deletion of any negative input into personnel file; (7) Reimbursement for all legal fees and incurred costs (faxes, certified mail, overnight mail, etc); (8) 4-6 months of medical leave using paid administrative leave as was placed on during the PTR; (9) Correction and use of Family Medical Leave; (10) Agency should obey and followed federal regulations; (11) Libera should not be the Deciding Official on the Proposal to Remove as stated in the oral reply and that he is involved in previous EEO cases; and (12) Pain and Suffering.