**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Richard L. Miller,
Complainant,

v.

Ellen Engleman Conners,
Chairman,
National Transportation Safety Board,
Agency.

Appeal No. 01A44745

Agency No. 100-AO-2011

Hearing No. 100-2003-0789X

## DECISION

Complainant timely initiated an appeal from the agency's final order concerning his equal employment opportunity (EEO) complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.* The appeal is accepted pursuant to 29 C.F.R. § 1614.405. For the following reasons, the Commission affirms the agency's final order.

The record reveals that complainant, a Financial Management Specialist, GS-14, assigned to the Office of the Chief Financial Officer, located in Washington, D.C., filed a formal EEO complaint on March 13, 2002, alleging that the agency discriminated against him on the bases of sex (male) and age (D.O.B: 03-24-1949) when:

(1) from April 6, 2000 to September 12, 2001, he was not selected for five different positions that were advertised on the following vacancy announcements:
   a. WA-TB-029
   b. WA01-010
   c. WA-TB-1-007
   d. WA-TB-1-055
   e. WA-TB-1-110

06 1071
FILED
JUN - 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(2)   he did not receive a classified position description that describes the duties of his current position;

(3)   in January 2002, he received a performance evaluation of "Excellent" rather than "Outstanding" for the rating period that ended May 30, 2001; and

(4)   he was denied use of office equipment, such as cell phone, laptop, *etc.*,

On April 24, 2002, the agency issued a partial dismissal. The agency accepted for investigation claims (1), (2), and (3). The agency dismissed claim (4) pursuant to 29 C.F.R. § 1614.107 (a)(2) on the grounds that the claim was not raised with an EEO Counselor and that it was not like or related to a matter for which complainant underwent EEO counseling.

At the conclusion of the investigation, complainant received a copy of the investigative report and requested a hearing before an EEOC Administrative Judge (AJ).

On February 18, 2004, the AJ issued an "Order Defining Claims to be Adjudicated" affirming the agency's procedural dismissal of claim (4). In this same order, the AJ also essentially dismissed claim (2) for failure to state a claim, finding that the absence of an accurate written position description, is insufficient to render complainant aggrieved. The AJ further dismissed complainant's non-selections under vacancy announcements: WA-TB-029; WA01-010; WA-TB-1-007; and WA-TB-1-055, for untimely EEO Counselor contact. *See* 29 C.F.R. § 1614.107(a)(2). Specifically, the AJ found that the above non-selections constitute discrete acts rather than a continuing violation, and that complainant had an obligation to raise each of these non-selections with an EEO Counselor within the 45-day time limit. The only non-selection that remained to be adjudicated was the Operations Manager position that was advertised under vacancy announcements WA-TB-1-110. The AJ requested supplemental information on this non-selection, specifically, the AJ wanted to know whether complainant timely raised this matter with an EEO counselor. Finally, the AJ specified claim (3) to be adjudicated.

On April 6, 2004, the AJ issued a "Order of Partial Dismissal." The AJ dismissed complainant's non-selection claim for the position of Operations Manager based on untimely EEO Counselor contact. Specifically, the AJ found that complainant was informed of his non-selection in October 2001, and that the deadline for contacting the EEO Counselor expired in December 2001. The AJ further found that complainant contacted an EEO counselor in January 2002.[1]

---

[1]Complainant alleged that he first contacted an EEO Counselor on January 2, 2002, and the agency stated that the contact was on January 14, 2002; however, the AJ determined that it is irrelevant because even assuming that complainant contacted the EEO Counselor as early as January 2, 2002, his contact did not meet the regulatory 45-day time limit.

3                                                                                          01A44745

The AJ issued a decision without a hearing on May 19, 2004, on the remaining claim: whether the agency discriminated against complainant on the bases of his sex (male) and age (D.O.B: 3/24/49) when in January 2002, complainant received a performance evaluation of "Excellent" rather than "Outstanding" for the rating period that ended May 30, 2001. The AJ concluded that complainant failed to establish a *prima facie* case of sex or age discrimination. Specifically, the AJ found that complainant failed to demonstrate that similarly situated employees, who were either female or significantly younger than complainant, received a higher performance appraisal rating than complainant. The AJ also found that complainant was the only non-supervisory, professional employee for whom complainant's supervisor (S1) prepared an evaluation during the 2000/2001 rating period. The agency's final order implemented the AJ's decision.

Complainant makes no new contentions on appeal, and the agency requests that we affirm its final order.

## ANALYSIS AND FINDINGS

**Procedural Dismissals**

Claim 1

We address first, the untimeliness of complainant's claims of non-selection. The Supreme Court has held that discrete acts such as hiring, firing and promotions, that fall outside of the limitations period are not actionable and no recovery is available. *National Railroad Passenger Corporation v. Morgan,* 536 U.S. 101 (2002). Even if the discrete activity is arguably related to other discriminatory acts that occur within the filing period, they are not actionable if untimely raised. *Id. See also,* EEOC Compliance Manual 915.003 Section 2: Threshold Issues, Timeliness 2-IV (Issued May 12, 2000). However, as the court recognized, Title VII does not bar an employee from using the prior acts as background evidence in support of a timely claim. *Morgan,* at 113.

Applying these principles, the Commission affirms the AJ's dismissal of claim (1) for untimely EEO contact. More specifically, complainant's claim of discrimination when he was not selected for several positions concerns discrete acts. Under our regulations, complainant must initiate EEO contact within 45 days of an alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). In this case, complainant initially made contact with an EEO counselor allegedly on January 2, 2002. The incidents that comprise each non-selection occurred between April 2000 through October 2001, when complainant became aware of his non-selection for the last position for which he applied. Therefore, we find that these allegations were properly dismissed by the AJ.

Claim (2)

We concur with the AJ's determination that complainant was not aggrieved when he did not receive a position description until April 22, 2002. We find no evidence in the record that complainant suffered a direct harm affecting a term, condition or privilege of employment for

which there is a remedy. *See Diaz v. Department of the Air Force*, EEOC Request No. 05931049 (April 21, 1994). Moreover, the record reveals that the delay was caused by complainant's failure to cooperate in the process. Specifically, the record shows that the process started in October 2001, and that management went back and forth for months trying to get feedback from complainant as to the information to be included in his position description.

Claim 4

The regulation set forth at 29 C.F.R. § 1614. 107(a)(2) states, in pertinent part, that an agency shall dismiss a complaint which raises a matter that has not been brought to the attention of an EEO Counselor, and is not like or related to a matter on which the complainant has received counseling. A later claim is "like or related" to the original complaint if the later claim or complaint adds to or clarifies the original complaint and could reasonably been expected to grow out of the original complaint during the investigation. *See Scher v. United Postal Service*, EEOC Request No. 05940702 (May 30, 1995). We find no indication that complainant raised the denial of office equipment claim with an EEO Counselor prior to the filing of his formal complaint. Moreover, the denial of office equipment claim does not add to or clarify the issues raised with the EEO Counselor. Therefore, we agree with the AJ's decision affirming the agency's dismissal of claim (4).

Accordingly, we affirm the AJ's procedural dismissal of claims (1), (2), and (4).

**Decision Without a Hearing**

Claim 3

The Commission's review of a decision without a hearing is *de novo*, meaning that it is done without regard to the legal or factual conclusions of the previous decision maker. *EEOC Management Directive 110*, Chapter 9 (Section VI) (Revised 1999). The Commission's regulations allow an AJ to issue a decision without a hearing when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109 (g). This regulation is patterned after the summary judgment procedure set forth in Rule 56 of the Federal Rules of Civil Procedure. The U.S. Supreme Court has held that summary judgment is only appropriate where a court determines that, given the substantive legal and evidentiary standards that apply to the case, there exist no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, a court's function is not to weigh the evidence but rather to determine whether there are genuine issues for trial. *Id.* at 249. The evidence of the non-moving party must be believed at the summary judgment stage and all justifiable inferences must be drawn in the non-moving party's favor. *Id.* at 255. An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986); *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. If a case can only be resolved by weighing conflicting evidence, the issuance of a decision without a hearing

is not appropriate. In the context of an administrative proceeding, an AJ may properly consider issuing a decision without a hearing only upon a determination that the record has been adequately developed for summary disposition. *See Petty v. Department of Defense*, EEOC Appeal No. 01A24206 (July 11, 2003).

In general, claims alleging disparate treatment are examined under the tripartite analysis first enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). A complainant must first establish a *prima facie* case of discrimination. He can do this by establishing that similarly situated individuals outside of his protected classes were treated more favorably than he was or by setting forth some other evidence from which a reasonable fact-finder could draw an inference of discrimination. *See Furnco Construction Corp. v. Waters*, 438 U.S. 567, 576 (1978). Complainant failed to establish that any similarly situated employee outside of his protected group was treated more favorably under similar circumstances. Specifically, complainant failed to establish that either females or younger employees, received higher performance appraisal ratings than him. Further, he did not set forth any other evidence from which we could draw an inference of discrimination. Accordingly, we conclude that complainant has failed to establish a *prima facie* case of sex or age discrimination.

After a careful review of the record, the Commission finds that a decision without a hearing was appropriate, as no genuine dispute of material fact exists. We find that the AJ's decision properly summarized the relevant facts and referenced the appropriate regulations, policies, and laws. Further, construing the evidence to be most favorable to complainant, we note that complainant failed to present evidence that any of the agency's actions were motivated by discriminatory animus toward complainant's protected classes.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614

6                                                                                                              01A44745

(EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*
_____
Carlton M. Hadden, Director
Office of Federal Operations

MAR 0 8 2004
_____
Date

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

MAR 0 8 2006
---
Date

*(signature)*
---
Equal Opportunity Assistant