UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-01071 (GK) |
| v. | ) | |
| | ) | |
| MARK V. ROSENKER, Chairman, | ) | |
| NATIONAL TRANSPORTATION | ) | |
| SAFETY BOARD | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Rules 12(b)(1), 12(b)(6), or in the alternative 56(b), of the Federal Rules of

Civil Procedure, Defendant Mark V. Rosenker, Chairman of the National Transportation Safety

Board ("NTSB"), by and through his undersigned counsel, respectfully moves the Court to

dismiss plaintiff's Complaint with prejudice or grant summary judgment.  In support of this

motion, Defendant respectfully refers the Court to the accompanying memorandum, the

Declarations of Fara D. Guest, the NTSB Equal Employment Opportunity (EEO) Director/

Diversity Program Manager, Anh T.N. Bolles, NTSB Chief, Human Resources Division, and the

Affidavit of Bernard Moffett, formerly employed as a Human Resources Specialist in the NTSB

Human Resources Division.   A proposed order is also attached.

February 27, 2007                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD MILLER,                          )
                                         )
                        Plaintiff,       )
                                         )        Civil Action No. 06-01071 (GK)
              v.                         )
                                         )
MARK V. ROSENKER, Chairman,              )
NATIONAL TRANSPORTATION                  )
SAFETY BOARD                             )
                                         )
                        Defendant.       )
_____)

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to LCvR 7 (h), Defendant Mark V. Rosenker, Chairman of the National

Transportation Safety Board ("NTSB" or the "agency") respectfully submits this statement of

material facts as to which there is no genuine dispute.

1.      Plaintiff is a male former employee of the NTSB.  He was employed at the agency from

        1999 until his removal for unacceptable performance on June 30, 2006.  See Declaration

        of Anh T. N. Bolles ("Bolles Dec."), attached as Exhibit 2.  Plaintiff was at all times

        relevant to the incidents giving rise to this Complaint employed as a financial

        management specialist at the NTSB. Complaint ¶¶ 13, 17.

2.      During his employment with the agency, Plaintiff filed four separate formal complaints

        of discrimination with the NTSB beginning on March 12, 2002 and most recently on

        January 21, 2006.  See Exhibit 1, Declaration of Fara D. Guest, the NTSB Equal

        Employment Opportunity (EEO) Director/ Diversity Program Manager ("Guest Dec.")

        ¶¶9-28.

3.      By October 24, 2001, Plaintiff was aware that he did not obtain the position of Budget

Officer, GS-560-15, that was advertised on agency vacancy announcement WA-TB-1-055.  <u>See</u> Affidavit of Bernard W. Moffett (attached as Ex. 3), Moffett Email, Ex. 4.  See Libera Email, Ex. 5.

4.    NTSB does not have employee EEO counselors. Instead, NTSB uses outside contractors to perform the service of EEO counseling.  Guest Dec. ¶ 4.  An employee who wishes EEO counseling, must request a counselor through the EEO Director, Fara Guest at the NTSB.  Guest is not an EEO counselor but it is her role to place an order for counseling services upon the request of a NTSB employee.  Guest Dec. ¶ 5.

5.    Plaintiff first initiated contact with the EEO Director no earlier than January 2, 2002.  <u>See</u> Guest Dec. ¶ 7.

February 27, 2007                     Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD MILLER,              )
                                 )
                   Plaintiff,   )
                                 )     Civil Action No. 06-01071 (GK)
           v.                 )
                                 )
MARK V. ROSENKER, Chairman,   )
NATIONAL TRANSPORTATION    )
SAFETY BOARD              )
                                 )
                   Defendant.  )
_____)

DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

      Plaintiff Richard Miller, a former employee of the National Transportation Safety

("NTSB"), brings this case alleging that he suffered discrimination based on his gender and age,

and retaliation in connection with his prior EEO activity.  He also claims that his rights were

violated under the Family and Medical Leave Act of 1993 and, in connection with the processing

of a workers compensation claim, under 18 U.S.C. § 1922.  However, Plaintiff's amended

complaint ("Complaint") should be dismissed for a variety of reasons, including failure to

exhaust administrative remedies, inclusion of some allegations from an earlier filed complaint

currently before this court, and lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

      *1.    Rule 12(b)(1)*

      On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1),

Plaintiff bears the burden of establishing that the court has subject-matter jurisdiction.  Rasul v.

Bush, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (citing McNutt v. Gen. Motors Acceptance Corp.,

298 U.S. 178, 182-83 (1936)).  Because subject-matter jurisdiction focuses on the court's power

to hear the claim, the court must give the plaintiff's factual allegations closer scrutiny when

resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to

state a claim.  Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of

Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  Moreover, the court

is not limited to the allegations contained in the complaint.  Hohri v. United States, 782 F.2d

227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987).  Instead, to determine

whether it has jurisdiction over the claim, the court may consider materials outside the pleadings.

Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

> 2.    *12(b)(6)*

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and dismissal is

appropriate where the "plaintiff can prove no set of facts in support of his claim which would

entitle him to relief."  Browning v. Clinton, 292 F.3d 235, 241 (D.C. Cir. 2002) (quoting Conley

v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Court is to treat the complaint's factual allegations

as true, see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S.

163, 164 (1993), and must grant plaintiff  "the benefit of all inferences that can be derived from

the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir.1979).  However, "the

Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by

the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions."

Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31,

2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C.

Cir. 1996) and Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

3. *Rule 56*

In 1986, the Supreme Court clarified the standards governing motions for summary judgment and these cases remain the touchstone today.  See Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Celotex at 322; Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984).  Where no genuine dispute exists as to any material fact, summary judgment is required.  See Anderson, 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation. Id. at 247.  The party moving for summary judgment need not prove the absence of an essential element of the nonmoving party's case.  Celotex, at 325.  The burden on the moving party may be discharged by pointing out the absence of evidence on an essential element of the non-moving party's case.  Id.  Once the moving party does that, the non-movant may not rest on mere allegations, but must proffer specific evidence showing that a genuine issue of fact exists for trial.  See Matsushita, 475 U.S. at 586; Celotex, 477 U.S. at 324; Banks v. C & P Tel. Co., 802 F.2d 1416 (D.C. Cir. 1986).  The evidence proffered must, in order to create a sufficient factual dispute, be such that it would enable the court to find for the non-moving party; otherwise, the dispute is not material and summary judgment is appropriate.

In sum, "if the evidence is merely colorable . . . or is not sufficiently probative . . .

3

summary judgment may be granted. . . . [T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. See also Hayes v. Shalala, 902 F. Supp. 259, 263 (D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported allegations or denials); Johnson v. Digital Equip. Corp., 836 F. Supp. 14, 18 (D.D.C. 1993) (evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); Baton v. Powell, 912 F. Supp. 565, 578 (D.D.C. 1996).

In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Celotex, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1). A court should grant summary judgment if the moving party submits affirmative evidence that negates an essential element of the nonmoving party's claims or by demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Id. at 331.

**ADMINISTRATIVE PROCEDURES AND EXHAUSTION REQUIREMENTS**

1.      *Title VII*

Federal employees may file a civil action only after exhausting their administrative remedies before the concerned Federal agency. 42 U.S.C. § 2000e-16(c). Under rule-making authority delegated by Title VII, see 42 U.S.C. § 2000e-16(b), the EEOC has "established detailed procedures for the administrative resolution of discrimination complaints, including a series of time limits for seeking informal adjustment of complaints, filing formal charges, and

appealing agency decisions to the Commission." Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); 29 C.F.R. Part 1614 (Federal Sector Equal Employment Opportunity). The EEOC's regulations provide that "aggrieved" employees or applicants for employment who allege they have been discriminated against must first consult an agency EEO counselor before filing a complaint of discrimination and must do so within 45 days of the "matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1).

If the matter is not resolved through informal counseling, the aggrieved employee must, within 15 days, file a written complaint with the agency that allegedly discriminated against him. 29 C.F.R. § 1614.106(a)-(c). According to 29 C.F.R. § 106(b), "a complaint must be filed within 15 days of the notice required by 29 C.F.R. § 1614.105 (d), (e) or (f)." (emphasis added.). The agency must investigate the matter within 180 days or reject the complaint and issue a final dismissal. Id. at § 1614.106(d)(2). At the conclusion of the agency's investigation, the complainant may request a hearing before an EEOC administrative judge or an immediate final decision by the agency. Id. at § 1614.108(f).

A complainant who receives an adverse final decision from the agency may appeal that decision to the EEOC within 30 days, or may file a civil action within 90 days. 42 U.S.C. 2000e-16(c); 29 C.F.R. 1614.408; see also Wilson v. Pena, 79 F.3d 154 (D.C. Cir. 1996); Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 246 (3d Cir. 1999). A complainant also may file a civil action at any time after a complaint has been pending before the agency or the EEOC for at least 180 days. 42 U.S.C. 2000e-16(c); 29 C.F.R. 1614.408.

Compliance with these procedures and time lines is mandatory. "Complainants must

timely exhaust these administrative remedies before bringing their claims to court." <u>Bowden</u>, 106 F.3d at 437; <u>Williams v. Munoz</u>, 106 F. Supp. 2d 40, 42 (D.D.C. 2000) ("timely administrative charge is a prerequisite to initiation of a Title VII action"). As the U.S. Supreme Court stated in <u>National Railroad Passenger Corp. v. Morgan</u>, 536 U.S. 101 (2002), "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" 536 U.S. at 108 (quoting <u>Mohasco Corp. v. Silver</u>, 447 U.S. 807, 825, 100 S. Ct. 2486, 2497 (1980)).

 2. *ADEA*

The ADEA provides two routes by which a claim of age discrimination may be brought against a federal agency. A federal employee may invoke an administrative process and then file a civil action if she is not satisfied with her administrative remedies. <u>See</u> 29 U.S.C. § 633a(b). Under this option, as with other kinds of discrimination and retaliation claims, the employee must file an administrative complaint within 45 days of the alleged unlawful action, <u>i.e.</u>, the plaintiff must bring the complaint to the attention of an EEO counselor. <u>See</u> 29 C.F.R. § 1614.105. Alternatively, the employee may elect to forego that administrative process and present her claim directly to a United States district court. <u>See</u> 29 U.S.C. § 633a(c); Lex K. Larson, 8 <u>Employment Discrimination</u> (2d ed.) § 140.08, at 140-32 (1998). If a federal employee pursues the second route, the employee must file a notice of intent to sue with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged discriminatory incident and give the EEOC at least 30 days to remedy the situation before filing the federal complaint. <u>See</u> 29 U.S.C. § 633a(c) and (d); <u>Stevens v. Dep't of Treasury</u>, 500 U.S. 1, 5-6 (1991); <u>Rann v. Chao</u>, 346 F.3d 192 (D.C. Cir. 2003). Proper exhaustion by one method

or the other is required. <u>Rann v. Chao</u>, 346 F.3d 192 (D.C. Cir. 2003), <u>cert. denied</u>, 125 S.Ct. 35 (2004) (affirming dismissal of suit brought under ADEA for failure to exhaust administrative remedies).

## **ARGUMENT**

I.    **Plaintiff Failed To Timely Exhaust his Administrative Remedies for Count I by**
      **<u>Failing to Contact Timely an EEO Counselor</u>**

In Count I, Plaintiff alleges that he was not selected for the position of Budget Officer because of his sex (male), in violation of Title VII of the Civil Rights Act. Complaint ¶ 69. In order to be timely, Plaintiff must have initiated contact with an EEO counselor within the 45-day window of the matter alleged to be discriminatory, as mandated by the regulations.

   *a.    Plaintiff was aware that he had not been selected and that Ms. Livingston was the
          selectee in October 2001*

Plaintiff's statements in this regard are misleading. Plaintiff does not identify the specific date on which he learned that he had not been selected and that Ms. Livingston was selected for the Budget Officer position. Instead, he states that "a female was selected in October 2001, but he only discovered this fact in December 2001" (Complaint ¶ 18). Plaintiff, however, was aware by October 24, 2001 that he had not been selected. Emails and documents supplied by Plaintiff during discovery in the administrative case and attested to by Plaintiff as accurate, show that Plaintiff was aware on October 24, 2001 that he was not selected for the position. Ex. 9, Miller Verification. Plaintiff's own email dated October 25, 2001 to his supervisor, Don Libera, discusses a meeting held on October 24, 2001 where Plaintiff indicated he was told that he lacked sufficient supervisory or managerial experience for the position. Ex. 5, Libera Email. Bernard Moffet, an agency Human Resources personnel specialist, informed Plaintiff via email

7

dated October 24, 2001 that Plaintiff was not selected and that he would give him the certificate

of eligibles on that position.  Ex. 4, Moffet Email.  Moffet met with Miller in October 2001.

Moffet Dec., Ex. 3.  In fact, Plaintiff produced to the Defendant the certificate of eligibles from

Moffet during discovery in the administrative case.  The certificate of eligibles lists Ms.

Livingston as the selectee.  Ex. 6, Certificate of Eligibles.

        b.     *Plaintiff untimely sought EEO counseling in January 2002*

Because Plaintiff was aware by October 24, 2001 that he had not been selected for the

position, he would have had to seek EEO counseling no later than December 10, 2001 in order to

be within the 45-day time limit established by 29 C.F.R. § 1614.105(a)(1).

The National Transportation Safety Board does not have employee EEO counselors.

Instead, NTSB uses outside contractors to perform the service of EEO counseling.  Guest Dec. ¶

4.  An employee who wishes EEO counseling, must request a counselor through the EEO

Director, Fara Guest at the NTSB.  Guest is not an EEO counselor but it is her role to place an

order for counseling services upon the request of a NTSB employee.  Guest Dec. ¶ 5.  Plaintiff

does not identify the specific date that he initiated contact with the EEO Director but vaguely

states that "having contacted Defendant EEO office in November/early December of 2001, [he]

'filed a complaint' well within the 45 day period."  Complaint ¶ 27.  Plaintiff, however,

contacted Ms. Guest for the purpose of meeting with an EEO counselor on or about January 2,

2002.  See Guest Dec. ¶¶ 3, 5, 7.  Because Plaintiff did not seek EEO counseling within 45 days

of learning that he had not been selected for the position, he failed to properly exhaust his

administrative remedies with regard to Count I, the Budget Officer position.

**II.    Plaintiff Failed To Timely Exhaust his Administrative Remedies for Count II by
Failing to Contact Timely an EEO Counselor**

Plaintiff alleges that he was not selected for the position of "Special Assistant Detail"

because of his sex (male) and/or age in violation of Title VII and the ADEA.  Plaintiff admits

that he learned on April 10, 2001 that Barbara Czech and David Mayer were the selectees for the

earlier detail positions.  Complaint ¶ 33 -34.  Plaintiff does not identify the specific date on

which he initiated contact with the EEO Director for the purpose of meeting with an EEO

counselor with regard to the detail position.  Instead, Plaintiff states that "after seeking EEO

counseling from May 2001 through December 2001" he "filed a formal EEO complaint on

March 13, 2002 with Defendant's Equal Employment Opportunity (EEO) office, (Agency No.

100-AO-2011, EEOC Case Number 100-2003-0789X, OFO APPEAL NO. 01A44745)."

Complaint ¶¶ 5, 27.

In fact, Plaintiff's first actual contact with the Agency EEO Director for the purpose of

beginning the EEO counseling process occurred on or about January 2, 2002.  See Guest Dec. ¶¶

3, 7.  The only method for an NTSB employee to request an  EEO counselor is through the

Agency EEO Director, Guest. Guest Dec. ¶¶ 4, 5.  Plaintiff waited over eight months after

learning that he had not been selected for the detail position and that Mr. Mayer and Ms. Czech

had been selected before initiating contact for the purpose of meeting with an EEO counselor.

Thus, Count II should be dismissed because Plaintiff failed to seek EEO counseling within 45

days of learning that he had not been selected but that Mr. Mayer and Ms. Czech had been

selected for the detail.  See 29 C.F.R. § 1614.105(a)(1).

III.    **Plaintiff Failed to Exhaust His Administrative Remedies in Counts III and IV by not**
        <u>**Raising Claims with EEO Counselor or in Administrative Complaint**</u>

In Counts III - VI of the Complaint, Plaintiff asserts claims that are based on allegations

he did not raise in Agency Case No. 100-AO-2011.  Complaint ¶ 5; Guest Dec. ¶ 10-11.  In the

administrative complaint on which he bases these counts (Agency No. 100-AO-2011 filed March

13, 2002), Plaintiff did not raise either an allegation that he was subjected to retaliation, or that

he was subjected to a hostile work environment.  <u>See</u> Ex. 7, Partial Acceptance of Formal

Complaint of Discrimination.  Therefore, the claim of a hostile work environment in Counts III

and IV should be dismissed for failure to exhaust administrative remedies, as these bases of

discrimination were not raised in the administrative process.

IV.    **Plaintiff Failed to Exhaust His Administrative Remedies in Counts V and VI by not**
        <u>**Raising Claims with EEO Counselor**</u>

In Count V, Plaintiff asserts that he was subjected to discrimination and hostile work

environment on the basis of age, gender, and reprisal for EEO activity, when he was allegedly

denied a cell phone and laptop, moved last to the 6th floor, denied a parking spot, and denied

unspecified "other items."  Complaint ¶ 97.  In Count VI, Plaintiff alleges additionally, that all of

the foregoing constituted a "hostile work environment" Complaint ¶ 103.  Plaintiff does not

assert that the specific claims alleged in these counts were presented to an EEO counselor.

Instead, Plaintiff merely states that he sought EEO counseling "from May 2001 through

December 2001."  Complaint ¶ 5.  However, Plaintiff did not present these claims to the EEO

counselor and they were dismissed at the administrative phase of the complaint process for that

reason.  <u>See</u> Guest Dec. ¶¶ 9-16 and Ex. 7.  Because Plaintiff failed to present these claims to an

EEO counselor, and he was required to do so to properly exhaust his administrative remedies,

10

Counts V and VI should be dismissed.

**V.    Plaintiff Does Not State a Prima Facie Case of Retaliation**

In order to establish a *prima facie* case of retaliation, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse and which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern and Santa Fe Ry. Co. v. White, 126 S.Ct. 2405, 2415 (2006) (citations omitted). Plaintiff fails to identify when the alleged acts occurred or what the relevant protected activity was. So, even assuming *arguendo* that he raised the acts alleged in Counts III - VI with an EEO counselor, he is unable to show that he was subjected to a retaliatory action subsequent to or contemporaneously with such protected activity.

**VI.    Plaintiff Does Not State a Claim for Hostile Work Environment**

For the Court to consider a Title VII claim premised on hostile work environment, the plaintiff must establish a *prima facie* case by showing: (1) he is a member of a protected class; (2) he is subject to unwelcome harassment; (3) the harassment that the plaintiff suffered was based on discrimination against the plaintiff's protected status (*i.e.* race or disability); (4) the harassment that the plaintiff suffered affected a term, condition, or privilege of employment; and (5) his employer knew, or should have known, of the harassment and failed to take action to prevent further harassment. Lester v. Natsios, 290 F. Supp.2d 11, 16 (D.D.C. 2003). The workplace environment becomes "hostile" for purposes of Title VII and legal relief only when the offensive conduct "permeate[s] [the workplace] with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Oncale v. Sundowner Offshore

11

Servs., Inc., 523 U.S. 75, 81 (1998); accord Harris v. Forklift Systems, Inc., 510 U.S. 17, 21,

(1993); see also Clark County School District v. Breeden, 532 U.S. 268, 270-271(2001);

Holbrook v. Reno, 196 F.3d 255, 262 (D.C. Cir.1999). This Court has noted that the key terms

are "severe," "pervasive," and "abusive," indicating that not just any offensive or discriminatory

conduct rises to an actionable hostile work environment. Lester, 290 F. Supp. 2d at 22.

Plaintiff does not establish that the alleged harassment that the Plaintiff suffered was

based on discrimination against some protected status. Finally, Plaintiff does not describe severe

and pervasive incidents. Plaintiff alleges that he was subject to a hostile work environment

because he was denied a cell phone and laptop, moved last to the 6th floor, and denied a parking

spot and given undesirable work assignments. Complaint, Counts IV, VI. These allegations

hardly rise to an actionable level of a hostile work environment as they are neither severe nor

pervasive. As this court recognized in Bryant v. Brownlee, "[i]t is therefore important in hostile

work environment cases to exclude from consideration personnel decisions that lack a linkage of

correlation to the claimed ground of discrimination. Otherwise, the federal courts will become a

court of personnel appeals." 265 F. Supp.2d 52, 63 (D.D.C. 2003).[1] Therefore, Plaintiff's claims

of hostile work environment should be dismissed.

**VII.    Plaintiff Raises Claims Already Before this Court in a Companion Case**

Plaintiff filed an earlier action on December 28, 2005 that contains some of the same

claims that Plaintiff asserts in this case. See Guest Dec. ¶¶ 17-24.  The earlier action, Miller v.

---

[1] Plaintiff failed to exhaust his administrative remedies for these alleged  incidents.  Plaintiff does not indicate that he contacted an EEO counselor for any of the alleged acts within a 45-day period and for the most part does not even indicate when the alleged acts constituting a hostile work environment occurred.

Rosenker, Civil Action No. 05-2478, is currently before this court on a pending motion to dismiss. The United States Court of Appeals for the District of Columbia Circuit noted that: "separate parallel proceedings have been long recognized as a judicial inconvenience." Handy v. Shaw, Bransford, Veilleux & Roth, 325 F.3d 346, 349 (D.C. Cir. 2003) (quoting Columbia Plaza Corp. v. Sec. Nat'l Bank, 525 F.2d 620, 626 (D.C. Cir. 1975) ("sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided")). The Court may, in its discretion dismiss a claim that is also raised in another proceeding. Handy, 325 F.3d at 350-51.[2]

Here, Plaintiff claims in Counts III - VI that: he did not receive an accurate position description; oversight responsibilities were assigned to a younger male employee; that he did not receive an "Outstanding" performance appraisal; performance standards favored females and younger employees; and that he was denied a laptop. Complaint ¶¶ 79, 83, 85, 86, 89, 97, 103. All these claims are alleged in the earlier filed action, Miller v. Rosenker, Civil Action No. 05-2478, presently before this Court. Exhibit 8, Civ. No. 05-2478, (¶¶ 14, 32, 13, 16, 22). The Court should dismiss the claims raised in the earlier action pending before this Court in order to avoid the unnecessary time and expense of litigating the same claims between the same parties in the instant action.

---

2 Handy involved review of the District Court's dismissal of a lawsuit also brought in D.C. Superior Court and noted that federal courts should decline jurisdiction over such cases only in "exceptional circumstances." Here, however, Plaintiff brought similar claims in a parallel federal lawsuit. Consistent with the D.C. Circuit's direction, here the Court should dismiss the claims in this case that currently are pending in an earlier-filed action.

13

**VIII.    This Court has no Subject Matter Jurisdiction over Claims under the Workers Compensation Statute**

In Count VII, Plaintiff alleges that Defendant violated the federal workers' compensation statute,[3] and asserts that as a result of Defendant's actions he suffered "loss of pay and benefits and suffered additional damages including back pay, pension and retirement benefits."[4] Complaint ¶¶ 109-113.  The Federal Employees' Compensation Act (FECA), 5 U.S.C. 8101 et seq., however, does not provide for a private right of suit against the federal government.  5 U.S.C. 8116(C), 5 U.S.C. 8128(b).

The United States, as sovereign, is immune from suit except to the extent that it consents to be sued.  See e.g., Hercules Inc. v. United States, 116 S. Ct. 981, 985 (1996); FDIC v. Meyer, 510 U.S. 471, 475 (1994).  In the case of federal employees who are injured on the job, Congress has not consented to suit.  See 5 U.S.C. 8128(b).  In the Federal Employees' Compensation Act (FECA), 5 U.S.C. 8101 et seq., however, Congress has provided such employees with "the right to receive immediate, fixed benefits, regardless of fault and without need for litigation," under a comprehensive workers' compensation scheme.  Lockheed Aircraft Corp. v. United States, 460 U.S. 190,194 (1983).  Congress committed the administration of that program to the Secretary of Labor.  See generally 5 U.S.C. 8120-8128, 8145,8149.  FECA benefits are an employee's exclusive remedy against the United States.  See 5 U.S.C. 8116(C).  In 5 U.S.C. 8128(b), Congress provided that decisions reached by the Secretary under FECA are to be respected as

---

3 The Federal Employees' Compensation Act (FECA), 5 U.S.C. 8101 et seq.
4 Plaintiff filed three workers' compensation claims during his employment with the agency:  1) a claim for traumatic injury on 05/24/2004; 2) a claim for traumatic injury on 07/29/2004; and 3) a claim for occupational disease beginning on 12/20/2000.  All three claims were initially denied by OWCP.  The claim for occupational disease was denied on August 21, 2006.  Bolles Dec. ¶ 6.

"final and conclusive for all purposes and with respect to all questions of law and fact," and are "not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. 8128(b). Therefore, this Court does not have jurisdiction over Plaintiff's claims regarding workers compensation and his claims should be dismissed.

**IX.    This Court has no Subject Matter Jurisdiction over Claims under the Family Medical Leave Act**

In Count VIII, Plaintiff alleges that the Defendant violated the Family and Medical Leave Act ("FMLA"), and asserts that as a result he also suffered loss of pay, benefits, back pay, pension and retirement benefits. Complaint ¶¶ 114-121. Federal employees, however, who have more than one year of service, such as Plaintiff, are governed by the provisions of Title II of the FMLA and Title II does not grant a private right of action to an aggrieved employee. 5 U.S.C. §§ 6381 through 6386. Here, it is undisputed that Defendant employed Plaintiff for more than twelve months of service. Complaint ¶ 13, Bolles Dec. ¶ 3.

The FMLA grants private and federal employees an entitlement to periods of leave for certain enumerated circumstances. See, e.g., 29 U.S.C. § 2612(a)(1); 5 U.S.C. § 6382(a)(1). Title II of the FMLA, 5 U.S.C. § 6381 et seq., governs leave for federal civil service employees with more than twelve months of service; Title I, 29 U.S.C. § 2601 et seq., governs leave for private employees and federal employees not covered by Title II. Russell v. U.S. Dept. of the Army, 191 F.3d 1016, 1018 (9th Cir. 1999). Title II does not grant a private right of action to an aggrieved employee. 5 U.S.C. § 6381 et seq. The failure to include an express private right of action constitutes a bar to a claim such as Plaintiff's because there is no consent to suit or waiver of sovereign immunity. Russell, 191 F.3d at 1018-19 (9th Cir. 1999) ("No unequivocal waiver of immunity exists in Title II, and, consequently, the omission of a provision in Title II similar to

15

that in Title I creating a private right of action is treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA.  Accordingly, Title II of the FMLA creates neither an express nor an implied right of action whereby [covered] employees may obtain judicial review of adverse employment decisions."); <u>Mann v. Haigh</u>, 120 F.3d 34, 37 (4th Cir. 1997).  Therefore, the Court does not have jurisdiction to review Plaintiff's claims under the FMLA.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice.


February 27, 2007                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153


National Transportation Safety Board
Staff Attorney
Denise D'Avella

17

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT was filed via the Court's electronic filing system on this February 27, 2007 and is expected to be served by the Court's electronic transmission facilities to:


Michael Snider, Esq.
Snider & Associates, LLC
104 Church Lane, Suite 201
Baltimore, MD 21208

_____/S/_____
ANDREA McBARNETTE
Assistant United States Attorney