UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MILLER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MARK V. ROSENKER, Chairman, )<br>NATIONAL TRANSPORTATION )<br>SAFETY BOARD )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 06-01071 (GK) |

ORDER

UPON CONSIDERATION of Defendant's dispositive motion, the memorandum of points and authorities in support thereof, any opposition thereto, any reply, and the record herein, it is hereby ORDERED that the motion is GRANTED.

SO ORDERED, on this \_\_\_\_\_ day of _____, 2007.

_____
United States District Court Judge

The failure to include an express private right of action constitutes a bar to a claim such as Plaintiff's because there is no consent to suit or waiver of sovereign immunity. Russell v. U.S. Dept. of the Army, 191 F.3d 1016, 1018-19 (9th Cir. 1999); Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997).

Plaintiff asserts that the Court has jurisdiction over FMLA claims by 29 U.S.C. § 825.400(a)(2). Complaint ¶ 3. However, plaintiff is not covered by 29 U.S.C. § 825.400(a)(2). Here, it is undisputed that defendant employed plaintiff for more than twelve months of service. (Bolles Dec. ¶ 3). The right to enforce statutory rights concerning family and medical leave for federal employees with less than one year of service is governed by Title I of the FMLA Act, 29 U.S.C. § 2601 through 2619, including § 2617(a) (2), which expressly provides for a private right of action to enforce entitlement to leave. See Russell v. United States Department of the Army, 191 F.3d 1016, 1018 (9th Cir. 1999); Sullivan-Obst v. Powell, 300 F.Supp.2d 85, 98 (D.D.C. 2004). However,

Federal employees who have more than one year of service, such as plaintiff, are governed by the provisions of Title II of the FMLA, appearing at 5 U.S.C. §§ 6381 through 6386. Title II does not grant a private right of action to an aggrieved employee. Id. The failure to include an express private right of action constitutes a bar to a claim such as Plaintiff's because there is no consent to suit or waiver of sovereign immunity. Russell v. U.S. Dept. of the

Army, 191 F.3d 1016, 1018-19 (9th Cir. 1999) ("No unequivocal waiver of immunity exists in Title II, and, consequently, the omission of a provision in Title II similar to that in Title I creating a private right of action is treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA. Accordingly, Title II of the FMLA creates neither an express nor an implied right of action whereby [covered] employees may obtain judicial review of adverse employment decisions."); Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997). As such, plaintiff cannot prove any set of facts that would entitle him to relief. Accordingly, since plaintiff has not stated facts or otherwise shown that this court has subject matter jurisdiction over his FECA or FMLA claims, the court should dismiss Counts VII and VIII.