UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MILLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARK V. ROSENKER, Chairman, )<br>NATIONAL TRANSPORTATION )<br>SAFETY BOARD )<br>)<br>Defendant. )<br>_____) | Civil Action No. 06-01071 (GK)[1]<br><br>Civil Action No. 05-2478 (GK) |

## JOINT RULE 16.3 REPORT

Pursuant to Local Civil Rule 16.3(d), the parties report to the Court concerning the matters in Rule 16.3(c). The parties' proposals are set forth below in the same order in which the matters are listed in LCvR 16.3(c).

**1.   Whether the case is likely to be disposed of by dispositive motion.**

The Defendant believes that both cases are likely to be resolved by dispositive motion. Defendant's motion is fully briefed and ripe for disposition in Civil Action No. 05-2478 (GK). Defendant filed his dispositive motion in Civil Action No. 06-1071 (GK) on December 11, 2006. The parties believe that discovery should be held in abeyance until the Court resolves the pending motions. Indeed, staying discovery pending resolution of a potentially dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Coastal States Gas Corp. v. Department of

---

[1] At the Court's request, the parties are filing one 16.3 report for the two cases in the above caption. The cases have not been consolidated.

Energy, 84 F.R.D. 278, 282 (D. Del. 1982), citing Westminster Investing Corp. v. G.C. Murphy Co., 434 F.2d 521, 526 (D.C. Cir. 1970).

2. **The date by which any other parties shall be joined or the pleadings amended.**

   At this time, the parties do not anticipate joining any other parties. Plaintiff is not certain whether or not amending the Complaint will be necessary.

   **Whether some or all of the factual and legal issues can be agreed upon or narrowed.**

   No.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

   The Defendant does not consent to assignment to a magistrate judge for all purposes, including trial. Plaintiff consents to a magistrate judge for settlement and discovery disputes.

4. **Whether there is a realistic possibility of settling the case.**

   The Defendant believes that there may be some possibility of settling the cases if the Plaintiff will agree to a settlement concerning all possible claims against the Defendant, excluding any workers compensation claims. The parties have engaged in extensive settlement efforts in the past without success. Plaintiff believes settlement may be possible, but would prefer a non-global settlement.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The Defendant believes that mediation may be appropriate to consider in these cases if the Plaintiff will agree to a settlement concerning all possible claims against the Defendant, excluding any workers compensation claims. The Defendant is amendable to having one of the Magistrate Judges assigned to conduct settlement discussions. Plaintiff consents to a magistrate judge for settlement and discovery disputes.

6. **Whether the case can be resolved by summary judgment or motion to dismiss.**

Defendant believes that the cases can be resolved by summary judgment or motion to dismiss. The Plaintiff does not believe that the both cases in their entirety can be resolved by summary judgment.

**Dates for filing dispositive motions and/or cross-motions, opposition, and replies.**

There are dispositive motions presently pending in both cases. Miller v. Rosenker, No. 06-01071 has not yet been fully briefed. Plaintiff intends to file an opposition to Defendant's dispositive motion by March 30, 2007. Defendant will file a reply by April 18, 2007.

**Dates for filing dispositive motions and/or cross-motions, opposition, and replies.**

If the cases are not resolved by a dispositive motion, the parties suggest the following briefing schedule for motions upon the conclusion of discovery.

**Dispositive motions**: 60 days after the close of all discovery.

**Oppositions**: 21 days after service of dispositive motion.

**Replies**: 11 days after service of opposition.

       **Proposed date for a decision on the motions.**

    60 days after due date for replies, or as soon thereafter as is consistent with the Court's calendar.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1).**

    No, but the parties agree that initial disclosures should be deferred until approximately two weeks into the start of any discovery period.

8. **How long discovery should take.**

    The parties expect that fact discovery should be completed within 120 days after a decision on the dispositive motions.

    **What limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions).**

    The parties agree to follow the Federal Rules of Civil Procedure in regards to the limits on discovery.

    **Whether a protective order is appropriate.**

    The parties will agree to a reasonable protective order that limits the use of personal information to this litigation.

    **A date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

    The parties believe that there should be a stay of discovery pending a decision on the dispositive motions. If the cases are not resolved by a decision by the Court, the parties agree that fact discovery should be completed within 120 days of the Court's order.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified.**

The parties agree that the Plaintiff will serve any expert witness report upon Defendant 60 days before the close of fact discovery, and that 45 days from service of Plaintiff's expert reports, Defendant will serve any expert witness report upon Plaintiff.

**Whether and when depositions of experts should occur.**

Depositions of experts may be taken 45 days from service of the respective expert reports. Depositions of any experts will be completed within 30 days from the date they first may be taken.

10. **In class actions, appropriate procedures.**

N/A.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation?**

The parties agree that neither discovery nor the trials should not be bifurcated. The Defendant does not consent to having these cases tried simultaneously.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose that a date for a pretrial conference be set after discovery and after the Court's decision on any dispositive motions.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that the Court set a trial date at the pretrial conference.

14. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties propose no other matters at this time.

The Court is respectfully referred to the accompanying proposed Scheduling Order.

Dated: March 15, 2007                    Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

/s/
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

_____
JANE M. LYONS, D.C. Bar # 451737

Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

Counsel for Defendant

---

MICHAEL SNIDER, D.C. Bar  # 24695
JACOB STATMAN, MD Bar # 16932
Snider & Associates, LLC
104 Church Lane, Suite 201
Baltimore, MD 21208

Counsel for the Plaintiff