UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-01071 (GK) |
| v. | ) | |
| | ) | |
| MARK V. ROSENKER, Chairman, | ) | |
| NATIONAL TRANSPORTATION | ) | |
| SAFETY BOARD | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

The Defendant, Mark V. Rosenker, Chairman of the National Transportation Safety Board, respectfully submits this reply in support of his motion to dismiss or, in the alternative, for summary judgment. Plaintiff's amended complaint ("Complaint") should be dismissed for failure to exhaust administrative remedies and lack of subject matter jurisdiction.

As an initial matter, the Defendant notes that in his opposition, Plaintiff provided no response to most of the arguments in Defendant's dispositive motion. Specifically, the Plaintiff did not respond to the arguments that he: 1) failed to exhaust his administrative remedies in counts III and IV by failing to raise them in the administrative process; 2) failed to exhaust his administrative remedies in counts V and VI by failing to raise them with the EEO counselor; 3) failed to state a prima facie case of retaliation; 4) failed to state a claim for hostile work environment; 5) raises claims in the instant action that are virtually identical to claims in <u>Miller v. Rosenker</u>, Civil Action No. 05-2478, currently pending before this court on a motion to dismiss or for summary judgment; 6) cannot bring claims related to his claims under the Federal

Employees' Compensation Act ("FECA"), in that this court lacks subject matter jurisdiction over FECA claims; and 7) cannot bring claims alleging a violation of the Family Medical Leave Act ("FMLA") in that this court lacks subject matter jurisdiction over such FMLA claims. As such, Defendant's motion is unopposed on the aforementioned issues and should be granted for the reasons set forth in the dispositive motion.

## ARGUMENT

**I.    Plaintiff failed to contact timely an EEO counselor re: Count I**

In Count I, Plaintiff alleges that he was not selected for the position of Budget Officer because of his sex (male). Compl. ¶ 69. In order to be timely, Plaintiff must have sought EEO counseling within the 45-day window of the matter alleged to be discriminatory. See 29 C.F.R. § 1614.105. In his opposition, Plaintiff disputes Defendant's assertions that: 1) not later than October 24, 2001, Plaintiff was aware that he did not obtain the position of Budget Officer GS-560-15; and; 2) Plaintiff first initiated contact with Defendant's EEO Director no earlier than January 2, 2002. MTD/MSJ, Statement of Material Facts, ¶¶ 3, 5.

   *1)   By October 24, 2001, Plaintiff was aware that he did not obtain the
         Budget Officer position*

The Defendant has provided evidence that the Plaintiff was aware no later than October 24, 2001 of his nonselection for the Budget Officer position. Thus he was required to have sought EEO counseling by December 10, 2002. Plaintiff's own email dated October 25, 2001 to his supervisor, Don Libera, discusses a meeting held on October 24, 2001 where Plaintiff indicated he was told that he lacked sufficient supervisory or managerial experience for the position. MTD/MSJ Ex. 5, Libera Email. Bernard Moffet, an agency Human Resources personnel specialist, informed Plaintiff via email dated October 24, 2001 that Plaintiff was not

2

selected and that he would give him the certificate of eligibles on that position. MTD/MSJ Ex. 4, Moffet Email. Moffet met with Miller in October 2001. MTD/MSJ Moffet Dec., Ex. 3. In fact, Plaintiff produced to the Defendant the certificate of eligibles from Moffet during discovery in the administrative case. The certificate of eligibles lists Ms. Livingston as the selectee. MTD/MSJ Ex. 6, Certificate of Eligibles.

Plaintiff disputes Defendant's assertion that he learned of his nonselection by October 24, 2001 yet provides no evidence contradicting Defendant's assertion and email evidence. Instead, Plaintiff provides conflicting statements. In his Complaint, Plaintiff first states that he "only discovered" the fact that a female was selected for the position in December 2001, then later in the complaint he states that he began contacting the EEO Director about his nonselection in "November/early December 2001." Compl ¶¶ 18, 27 (emphasis added). Further, Plaintiff attached as an exhibit to his opposition an email exchange he had with his supervisor, Donald Libera, on November 6-7, 2001, in which they discuss Plaintiff's nonselection for the Budget Officer position. In response to an email from the Plaintiff, Libera wrote on November 7, 2001:

> I'm sorry that your budget experience was not a proper match for the Budget Officer position. We did our best to be fair to all of the candidates and to select the best qualified for the job.

Plt. Opp., Miller Decl. Ex. 18. Given his conflicting statements and inability to refute Defendant's email evidence, it is clear that the Plaintiff knew by no later than October 24, 2001 that he was not considered qualified for the position and that he had not been selected. Because Plaintiff was aware by October 24, 2001 that he had not been selected for the position, he would have had to seek EEO counseling no later than December 10, 2001 in order to be within the 45-day time limit established by 29 C.F.R. § 1614.105(a)(1).

>   2)   *Plaintiff first initiated contact with Defendant's EEO Director no earlier than January 2, 2002*

Defendant has provided evidence that the Plaintiff sought EEO counseling (by informing Ms. Guest of his request for an EEO Counselor) on or about January 2, 2002.  See Guest Dec. ¶¶ 3, 5, 7.  Plaintiff disputes Defendant's assertion that he sought an EEO counselor on or about January 2, 2002, yet provides no evidence contradicting Defendant's assertion and instead provides conflicting statements.  Plaintiff states: "as things came to light with the ROI, nonselection of the Academy position . . . I continued to push Ms. Guest to move forward.  In November, she finally agreed to request a contracted counselor." Plt. Opp., Miller Decl. ¶ 15.  Plaintiff could not have "pushed" Ms. Guest to move forward based on what he learned from the ROI.  This is impossible because an ROI is compiled only after a formal complaint is filed and an investigation is conducted.  Therefore, because he had not yet filed an *informal* complaint, let alone a *formal* complaint, there would have been no ROI in existence on the matter at that time.[1]

Plaintiff indicates that he began what he refers to as "the discrimination discussion" with Ms. Guest <u>soon after her arrival</u> at the NTSB.  See Plt. Opp., Miller Decl. at ¶ 13.  Ms. Guest began her employment at the NTSB on 03/27/00.  See, Plt. Opp., Miller Decl., Ex. 5.  Plaintiff states that he does not recall the exact date on which the aforementioned discussion occurred but "am confident it was in early <u>April</u>"  Id.  Therefore, Plaintiff is

---

[1] Furthermore, Plaintiff's statements are contradictory in that he claims, that he only discovered in December 2001 the fact that a female had been selected in October 2001 for the position but he began to contact "the EEO office in November/early December 2001." Amended Compl. at ¶¶ 18, 27.

suggesting that, with respect to his claim of discrimination regarding his non-selection for the Budget Officer GS-560-15 position, he first initiated contact with Ms. Guest to engage in the informal complaint process in April 2000, <u>11 months before</u> the vacancy announcement for the position was issued, and over <u>18 months before</u> he learned that he had not been selected for it.[2] Plaintiff seems to suggest that he can put a potential future discrimination complaint on "layaway" by engaging the EEO Director in a general "discrimination discussion." However, pursuant to the regulations, a Plaintiff has 45 days <u>from</u> the date of the alleged discriminatory action to seek EEO counseling. See 29 C.F.R. § 1614.105(a)(1).

Plaintiff also implies that he had additional discussions with Ms. Guest, i.e., he "continued to contact Ms. Guest on further non-selections"; "I continued to discuss with the EEO Director what seemed to be continuous pattern of discrimination"; "I continued to push Ms. Guest to move forward." Id. at ¶¶ 13,14,15. However, Plaintiff fails to identify the specific dates on which any of the alleged conversations occurred or the substance of the discussions.[3]

---

[2] Similarly, Plaintiff could not have been engaging the EEO Director in a "discrimination discussion" about his application and nonselection for the position of Chief Financial Officer, as that vacancy announcement was opened on 10/27/00 and closed 12/01/00. See Plt Opp., Miller Decl., Ex. 4.

[3] Plaintiff also offers the declarations of two former NTSB employees (Gwendolyn E. Bracey and Charlotte Casey) who both state that they had several discussions with Plaintiff "during the time frame of April-December 2001, about his EEO contact discussions with the NTSB EEO Director, Fara Guest" concerning several positions for which Plaintiff applied including "Budget Officer (Non-Selection)." While these declarations might show that Plaintiff had protracted discussions with these former employees over this 8-month period, they do not provide evidence that Plaintiff contacted Ms. Guest to initiate an EEO complaint prior to January 2, 2002. The declarations are of little to no value in this matter, as the declarants do not state that they have any first-hand knowledge of when Mr. Miller contacted Ms. Guest and expressed an intention to file an EEO complaint. In short, Plaintiff has not established that a genuine issue exists for trial.

Thus, Plaintiff has failed to establish that he sought EEO counseling within 45 days of becoming aware of his nonselection for the Budget Officer position [4]

### III.     Plaintiff did not present age or gender claims in his administrative complaint

In response to Defendant's assertion that Plaintiff failed to raise his age and gender discrimination claims with an EEO counselor and thus did not properly exhaust his administrative remedies in Counts V and VI, Plaintiff states that he "does not argue with that analysis generally." However, the Plaintiff argues that because these claims are like and similarly related to his reprisal claim in his formal EEO complaint which was based on "complaints of age and gender," that therefore "the Complaint currently before this court is proper." Plt. Opp., p. 9. When, however, a district court complaint contains claims that were not presented in the administrative complaint those additional or different claims should be dismissed. Lane v. Hilbert, No. 03-5309, 2004 WL 1071330, *1 (D.C. Cir. May 12, 2004) (dismissing sex discrimination and sexual harassment claims where administrative complaint alleged only race and hostile work environment claims); Park v. Howard University, 71 F.3d 904, 906 (D.C. Cir. 1995), *cert. denied*, 117 S.Ct. 57 (1996) (plaintiff's judicial complaint of hostile work environment dismissed where administrative charge complained only of sex and race discrimination). Because Plaintiff did not exhaust his age and gender claims, the Court should dismiss them.

---

[4] Plaintiff disputes Defendant's asserted fact that NTSB does not have employee EEO counselors. Instead, NTSB uses outside contractors to perform the service of EEO counseling. Guest Dec. ¶ 4. An employee who wishes EEO counseling, must request a counselor through the EEO Director, Fara Guest, at the NTSB. Guest is not an EEO counselor but it is her role to place an order for counseling services upon the request of a NTSB employee. Guest Dec. ¶ 5. Regardless of who or how the NTSB provides counseling services, Plaintiff failed to timely comply with the time frames in order to properly exhaust his administrative remedies.

**II.    Equitable tolling is not merited**

Plaintiff asserts that because he is acting *pro se*, he should be granted equitable tolling. *Pro se* status, however, in and of itself is not a basis for equitable tolling, which this Circuit has held, "will be exercised only in extraordinary and carefully circumscribed instances." See Mondy v. Secretary of the Army, 845 F.2d 1051, 1057 (D.C. Cir.1988). The D.C. Circuit has allowed equitable tolling where the plaintiff failed to contact an EEO counselor in reliance on the advice of a government official, Jarrell v. USPS, 753 F.2d 1088, 1092 (D.C. Cir. 1985); where defendant tricked plaintiff into allowing the filing deadline to pass, Washington v. WMATA, 160 F.3d 750, 752 (D.C. Cir. 1998); where the defendant engaged in affirmative misconduct, id.; or where the claimant has filed a timely pleading later found to be defective, id. The Plaintiff did not face any of these situations and therefore equitable tolling should be denied.[5]

---

[5] Plaintiff implies that the process by which he could obtain a counselor was unclear to him. Plt Opp., Miller Decl. at ¶ 18. He admits, however, that the EEO Director, Ms. Guest, repeatedly gave him a copy of a one-page informational sheet that outlined the discrimination process under 29 CFR 1614. Id. This informational sheet appears in Plaintiff's exhibits at page 94 and is attached to this reply for the court's convenience as Exhibit A. That document (which Plaintiff admits he received several times) clearly states, "[y]ou must contact the EEO office for an EEO Counselor within 45 calendar days of alleged incident or effective date of the action." Plaintiff can not establish that he was unaware of the requirement to contact the EEO office (namely, Ms. Guest, as she is the only employee of the EEO office) and express an intention to obtain a counselor if he desired to file a discrimination complaint.

## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

December 20, 2007                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153


National Transportation Safety Board
Staff Attorney
Denise D'Avella

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT was mailed to:

Richard L. Miller
1515 S. Arlington Ridge Road, #304
Arlington, VA 22201
202 365 1061

                                    _____
                                    ANDREA McBARNETTE
                                    Assistant United States Attorney