RECEIVED
U.S. COURT OF APPEALS
...CIRCUIT
2008 APR 17 PM 4:25
FILING DEPOSITORY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MILLER )<br><br>Plaintiff, )<br><br>V. )<br><br>MARK V. ROSENKER, )<br><br>Chairman,<br>NATIONAL TRANSPORTATION<br>SAFETY BOARD )<br><br>Defendant ) | Civil Actions Nos.<br>07-01832 (GK)<br>07-0562 (GK)<br>06-01071 (GK)<br>05-2478 (GK) |

**PRO SE EMERGENCY MOTION FOR COURT APPOINTED COUNSEL**

Plaintiff was granted Motion for Leave to Proceed in forma pauperis by Judge Richard W. Roberts on October 3, 2007. (Case No. 07-1832). Plaintiff's financial condition has worsened since that time and he has been forced to sell his car to subsist. Plaintiff has sought counsel to represent him but has been severely limited due to lack of funds and the complexity, size of cases and having 4 cases in US District Court. Plaintiff continues to seek private counsel.

If a plaintiff is proceeding <u>in forma pauperis,</u> the court is authorized to appoint counsel under 28 U.S.C. S. 1915 (e)(1), but is not obliged to do so unless the plaintiff demonstrates such exceptional circumstances exist that the denial of counsel would result in fundamental unfairness. Whether exceptional circumstances exist requires an evaluation of the type and complexity of each case, and the abilities of the individual bringing it.

The Plaintiff, proceeding <u>pro se</u> and <u>in forma pauperis,</u> hereby, requests court appointed counsel for his four (4) cases presently in US District Court: 07-01832 (GK),

RECEIVED
APR 17 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Leave to file granted — G. Kessler — 4/21/08.

07-0562 (GK), 06-01071 (GK), 05-2478 (GK).

Each of these cases is complex in the legal and factual issues involved in their own right, and with the four cases, the complexity quadruples. The issues are many including discrimination, retaliation, removal, decisions from Merit Systems Board and Equal Employment Office, not one but three supervisors, age discrimination, and severe physical and mental disabilities. Several doctors including two primary physicians, two neurologists, orthopedic surgeon, neurosurgeon, anesthetist, and three physical therapist, physiatrist, etc. will need to be witnesses or experts. The cases cover a long time period. The earlier cases go back to 2001 and the latter ones cover periods up to 2006. The Plaintiff is also severely disabled both mentally and physically. (See attached documents from Dr. Smith, Dr. Klaiman and Dr. Parkhurst). The Plaintiff has been hospitalized twice in the last month. The Plaintiff had to have assistance in preparation of this motion and other documents. In fact, the Plaintiff needs assistance in daily living tasks. In addition, I am an only child and my mother is dependent on me due to her breast cancer surgery, her age of 89, and, in part, memory.

At this stage in US District Court, the appointment of court appointed counsel will serve a high degree in the interests of justice for Plaintiff's due process and justice and the benefit the court may derive from the assistance of the appointed counsel.

Respectively submitted,

Richard L. Miller
1515 S. Arlington Ridge Road, #304
Arlington, Va. 22202
202 365-1061

# MARK D. KLAIMAN, M.D., L.C.
*Physical Medicine and Rehabilitation*

April 14, 2008

**Re: Richard Miller**

To Whom It May Concern:

Mr. Miller has been under my care since November 2006, for the management of his chronic neck and lower back pain. He has documented degenerative disc disease in the cervical and lumbosacral spine. He suffers from frequent neck pain and headaches which have interfered significantly with daily functional activities and work. He has received a multitude of therapies including physical therapy, acupuncture, trigger point injections, Botulinum Toxin A injections and nerve blocks. The various therapies have been helpful in reducing the intensity and frequency of painful episodes, however he has ongoing residual discomfort.

It is my opinion that Mr. Miller meets the criteria for medical disability given the severity and chronicty of his condition.

Sincerely,

Mark D. Klaiman MD

**ADRIENNE M. SMITH, M.D.   CHILD AND ADULT NEUROLOGY**   4530 CONNECTICUT AVE. N.W. #101
WASHINGTON, D.C. 20008-4328

fax/phone: 202 244-0763

patient's name: Richard Miller

DOB: _____   Date of visit: 4/1/08   initial ____ F/U ✓

chief complaint: Follow up — pt. on Worker's Compensation

other medical illnesses or interim changes: [approved 04 1st case = 9/07]

Current/medications: Dr. Kim — 1° Dr. June '06.

EXAM:

My Pt. is disabled, suffering from chronic physical impairment secondary to cervical and lumbar disc disease. And is under ongoing therapy for cervicalgia (headaches) from greater occipital nerve inj. (Neuralgia). This causes substantial functional limitations since he can not work.

A: 1) Cervical DDD            P: 1) Return to Dr. Tozzi
   2) Lumbar-sacral DDD          2) _____
   3) _____                     3) _____
   4) _____                     4) _____

Other: _____

Treating physician: [signature] M.D.



# Parkhurst Associates Mental Health Services

1755 'S' Street, NW      Suite 6B      Washington, DC 20009      (202) 234-7738

April 2, 2008

To Whom It May Concern:

I first saw Richard Miller as a client in my psychology practice in 2001, and his most recent treatment began in 2004. I saw Mr. Miller most recently on April 1, 2008. Mr. Miller has and is suffering from debilitating depression and anxiety due to increasingly severe physical conditions that have prevented him from working. I recommended in May, 2004, that Mr. Miller stop working, as his mental state was declining due to the stress of attempting to work when he was no longer physically able. Since then, I have proclaimed him disabled for mental health reasons, and have supported his attempts to receive compensation for disability.

My diagnoses have been confirmed by J. Thomas O'Rourke, MD (Psychiatrist,) and by Jorge Rodriguez, Ph.D. (Psychologist.) We are in agreement that Mr. Miller meets criteria for being disabled, as he suffers from a severe, chronic mental impairmen,t which results in substantial functional limitations.

Sincerely,

John C. Parkhurst, Ph.D.