UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action Nos. 06-1071 (GK) |
| | ) 07-0562 (GK) |
| MARK V. ROSENKER, Chairman, | ) |
| National Transportation Safety Board | ) |
| | ) |
| Defendant. | ) |
| | ) |

## JOINT LOCAL RULE 16.3 REPORT

The parties to the above actions respectfully submit the following Joint Report to the Court, in accordance with LCvR 16.3 and pursuant to the Court's Minute Order of July 28, 2008. Specifically, this Report is submitted in connection with *Miller v. Rosenker*, Civ. A. No. 06-1071 (GK) (D.D.C.) ("*Miller II*"); and *Miller v. Rosenker*, Civ. A. No. 07-0562 (GK) (D.D.C.) ("*Miller III*").[1]

---

[1]     ***Defendant's Statement:*** Plaintiff has filed two other actions, namely *Miller v. Rosenker*, Civ. A. No. 05-2478 (GK) (D.D.C.) ("*Miller I*"), and *Miller v. Rosenker*, Civ. A. No. 07-1832 (GK) (D.D.C.) ("*Miller IV*"). The status of those two actions are as follows:

- *Miller I* was dismissed by the Court by Memorandum Opinion and Order dated July 25, 2008. Plaintiff has since moved to reconsider the Court's dismissal. Defendant opposes Plaintiff's motion to reconsider on numerous grounds that will be detailed in his opposition to such motion, which is currently due on August 22, 2008.

- Unlike the first three Miller actions, Defendant did not move to dismiss *Miller IV*, and thus, that action is in a different procedural posture than *Miller I, II, and III*. That is, the first three Miller actions are subject to threshold dispositive motions premised in part upon Defendant's arguments that Plaintiff failed to properly exhaust administrative remedies. By contrast, Defendant answered Plaintiff's complaint in *Miller IV* without interposing a dispositive motion based upon threshold statutory prerequisites to suit. Recognizing this distinction, SAUSA Megan Weis, not undersigned counsel, is representing Defendant in that action.

Statement of the Cases

**A.    *Plaintiff's Statement:***    In *Miller II* and *Miller III*, Plaintiff alleges that the NTSB violated Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act by discriminating against him on the basis of age and gender and by retaliating against him for prior discrimination complaints.  As Defendant notes, he has moved to dismiss both *Miller II* and *Miller III*.    As explained in his Opposition to Defendants Motion to Dismiss in *Miller III*, neither *Miller II* nor *Miller III* is currently ripe for determination by the Court.[2]  The complaints in both cases plainly allege facts regarding Mr. Miller's severe mental and physical disabilities that would justify equitable relief from the procedural requirements that Defendant contends Plaintiff has not satisfied.  Therefore, before Defendant's dispositive motions are decided, the Court should permit Mr. Miller to pursue discovery regarding his mental and physical disabilities to permit a full and accurate response to Defendants' contentions.  Given the inadequate factual record regarding these defenses, Plaintiff believes it is inappropriate for the Court to consider Defendant's motions until discovery is permitted and these factual questions are resolved.[3]

**B.    *Defendant's Statement:***    Defendant has moved to dismiss both *Miller II* and *Miller III* based largely upon well established statutory perquisites that Plaintiff must fulfill before bringing a suit in this Court, and the lack of subject matter jurisdiction over certain of Plaintiff's claims (namely, workers compensation and FMLA based claims).[4]  Namely, Plaintiff has clearly failed to properly exhaust administrative remedies both by failing to comply with

---

[2]    Plaintiff also may seek leave to file a supplemental opposition to the motion to dismiss in *Miller II*.  The original opposition to the motion to dismiss was filed Mr. Miller when he was not represented by counsel.

[3]    Furthermore, this discovery would focus on Plaintiff's doctors, family members, supervisors, superiors, coworkers, and acquaintances, and thus would place little or no burden on the Defendant.

[4]    Additionally, Defendant moved to dismiss certain claims in *Miller II* because such claims are duplicative of claims asserted in *Miller I*, which were dismissed by the Court based upon Plaintiff's failure to exhaust administrative remedies.

administrative deadlines and failing to cooperate in prosecuting his administrative actions by refusing to articulate his claims. *See generally Miller III* MTD Br. at 1-3; *Miller II* MTD Br. at 7-11. Notably, the Court recently dismissed *Miller I* for similar reasons. Further, *Miller III* is barred by the applicable statute of limitations and the Court lacks subject matter jurisdiction over certain claims in *Miller II. See generally Miller III* MTD Br. at 16-18.[5]

Because Plaintiff's Complaints are ripe for dismissal based upon these threshold propositions, Defendant believes that discovery is currently inappropriate in these actions. Indeed, permitting discovery in *Miller II* or *Miller III* at this stage, before Defendant's well reasoned dispositive motions are decided, does not promote the just, speedy and inexpensive determination of these actions. *See* Fed. R. Civ. P. 1.

Further, the initial discovery Plaintiff seeks to take in these actions -- namely, discovery on Plaintiff's mental condition[6] -- is unnecessary and irrelevant. Simply put, Plaintiff does not adequately plead facts that could show that he was incapacitated and unable to file papers in the administrative proceedings.[7] Discovery is not needed. Based upon Plaintiff's Complaints and the materials the Court may consider on a threshold motion to dismiss (including the fact that Plaintiff made filings in other actions and proceedings during the period in which he allegedly was unable to do so in his administrative proceedings), dismissal of *Miller II* and *III* with prejudice is appropriate as a threshold legal matter.

---

[5]    Additionally, the parties previously submitted a joint 16.3 statement in *Miller II* and the Court permitted Plaintiff, while represented by counsel, to conduct limited document discovery. Permitting even more discovery now, while Defendant's motion to dismiss continues to remain pending, would be inappropriate.

[6]    Notably, the unnecessary and irrelevant discovery Plaintiff wishes to seek in connection with *Miller II* and *Miller III* is wholly irrelevant to *Miller IV*, where Defendant has not moved to dismiss the complaint based upon a failure to meet administrative or statutory deadlines.

[7]    As noted in Defendant's motion to dismiss *Miller III*, this is the standard that a Plaintiff must plead and ultimately prove to invoke equitable tolling based upon a mental or physical condition. Notably, Plaintiff's new attorneys do not challenge this well established standard, and nothing contained in Plaintiff's opposition to Defendant's motion to dismiss *Miller III* shows that Plaintiff has pled or could adduce facts to satisfy this standard.

Moreover, nothing has precluded Plaintiff (including while he was previously represented by counsel) from submitting to psychological or other examinations of his choosing to attempt to generate evidence and/or buttress his pleadings with facts that could show he was totally incapacitated and unable to file papers at the administrative level, which is the showing that is required for equitable tolling based upon a mental or physical disease. Similarly, nothing has prevented Plaintiff or his counsel from providing statements from friends or family members that Plaintiff was unable to file papers in his proceedings due to his alleged mental and/or physical infirmities, though such statements are not relevant to a Rule 12(b) motion to dismiss. Tellingly, although the Court previously permitted limited discovery in *Miller I* and *Miller II*, Plaintiff and his prior attorneys evidently did not see the benefit in the argument that Plaintiff's new attorneys focus on -- likely because Plaintiff's ability to make filings in other actions throughout the relevant time renders such an argument meritless. *See, e.g., Miller III* MTD Br. at 5-6, 14-16. Accordingly, Plaintiff's mental condition, whatever it may have been, affords no basis for equitable tolling or has no relevance to Defendant's threshold dispositive motions in *Miller II* and *Miller III*.

As to the substance of Plaintiff's complaints in *Miller II* and *Miller III,* Defendant generally denies Plaintiff's allegations, and maintains that the actions taken by the National Transportation Safety Board ("NTSB" or "Agency") and its officials with respect to Plaintiff were reasonable, justified, and not in violation of the law. Indeed, Defendant specifically denies that the Agency or any of its agents or employees discriminated or retaliated against Plaintiff in any way.

1.)     <u>Resolution By Dispositive Motion</u>:     As explained above, Plaintiff believes that it is inappropriate to resolve the cases on the basis of Defendant's current motions without, at a

minimum, time for discovery regarding Plaintiff's severe physical and mental impairments.  As noted above, Defendant believes that *Miller II* and *Miller III* are ripe to be dismissed on Defendant's motions to dismiss those complaints based upon the text of the complaints and the materials of which the Court is able to take judicial notice.  That is, facts outside those permitted on Rule 12(b) motions are unnecessary.  Consequently, Defendant believes that discovery at this stage is unnecessary and improper.  If any of Plaintiff's claims were to survive Defendant's threshold dispositive motions, Defendant believes that these actions can be resolved by dispositive motion at the conclusion of discovery.

2.)    <u>Amendment of Pleadings</u>:    Plaintiff may seek to amend his pleadings in *Miller II* and *Miller III* within 20 days.  Defendant believes that Plaintiff should not be allowed to substantially amend his pleading in *Miller II* because Plaintiff has already amended his complaint once in that action and Defendant has filed a threshold dispositive motion, which should dismiss *Miller II* in its entirety.  However, in the spirit of compromise, Defendant is willing to consider any proposed amendment on a case-by-case basis.

3.)    <u>Assignment to a Magistrate Judge</u>:    Plaintiff and Defendant do not consent to the assignment of this case to a Magistrate Judge, except for potential ADR in the future.

4.)    <u>Settlement Possibility</u>:  Although the parties stand ready and willing to consider and discuss a potential settlement should the opportunity arise, at this stage, while Defendant's threshold dispositive motions are pending, the parties do not believe that settlement is likely.

5.)    <u>ADR</u>:  For similar reasons, the parties do not believe that ADR will be fruitful at this time.  The parties, however, will notify the Court should this position change in the future.

6.)    <u>Resolution on Summary Judgment</u>:  As explained above, Plaintiff believes that certain factual questions require resolution and thus these actions cannot at this time be decided

on summary judgment or a motion to dismiss. Should the actions survive Defendant's pending motions and the parties engage in full discovery, Plaintiff expects that there will be genuine issues of material fact that will preclude summary judgment. Defendant believes that, should these actions survive Defendant's pending motions to dismiss, the actions can be resolved through post-discovery summary judgment motions. The parties propose that a schedule governing post-discovery summary judgment motions be set at a later date.

7.)    Initial Disclosures:    Neither Plaintiff nor Defendant wish to dispense with initial disclosures. However, for the reasons stated above Defendant believes it is premature to initiate discovery, including initial disclosures, in these actions while his threshold dispositive motions are pending. While Plaintiff believes that discovery should commence and that, at a minimum, some initial discovery is necessary at this time, he does not oppose initiating pretrial disclosures after the resolution of Defendant's pending motions to dismiss.

8.)    Extent of Discovery:  Plaintiff believes that discovery should commence, run for six (6) months, and be conducted pursuant to the presumptive discovery limitations set forth in the Federal Rules of Civil Procedure.[8] If the Court is only willing to permit discovery with respect to Plaintiff's severe mental and physical disabilities, Plaintiff believes that such discovery can be completed in two (2) months. Defendant believes it is premature to initiate discovery in these actions while his threshold dispositive motions are pending. If Defendant's motions do not dispose of these actions, Defendant agrees that discovery should run for six (6)

---

[8]    ***Plaintiff's Statement:*** In *Miller IV*, the parties have agreed to begin discovery. To the extent the Court does not permit discovery to immediately commence in *Miller II* and *Miller III*, Plaintiff will take discovery in *Miller IV* without prejudice to his ability to take discovery in *Miller II* and *Miller III*. Therefore, for example, to the extent Defendant does not permit depositions in *Miller IV* to cover topics relevant to *Miller II* or *Miller III*, Plaintiff reserves the right to depose again such witnesses in connection with *Miller II* or *Miller III*, should the Court order discovery to proceed in those cases.

Case 1:06-cv-01071-GK    Document 33    Filed 08/12/2008    Page 7 of 9


months and be conducted pursuant to the presumptive discovery limitations set out in the Federal Rules of Civil Procedure.

9.) <u>Expert Witnesses</u>:    Plaintiff believes resolution of the factual questions regarding Mr. Miller's several mental and physical limitations may be aided by an expert examination of Mr. Miller.  If the Court permits such discovery to continue and Plaintiff concludes that such an expert analysis is appropriate, Plaintiff will provide an expert report and information to Defendant at the earliest possible time.  Defendant believes it is premature to initiate discovery in these actions while his threshold dispositive motions are pending.  In particular, Defendant believes that due to the substantial time and costs associated with expert discovery, expert discovery should not commence unless and until the Court finds that Plaintiff's complaints satisfy the statutory prerequisites to suit.  That is, until the Court determines that Plaintiff is able to maintain his suits in U.S. District Court, expert discovery is simply pernicious.

10.)   <u>Class Action Issues</u>:   Not relevant.

11.)   <u>Bifurcation Of Liability And Damages</u>:  The parties do not anticipate a need to bifurcate this matter.

12.)   <u>Date for Pretrial Conference</u>: The parties agree that a status conference should be scheduled after the close of discovery.  At that conference, the parties will report whether they wish to proceed to ADR and/or begin summary judgment briefing.

13.)   <u>Trial Date</u>:  The parties take the position that a firm trial date should be set at the pretrial conference or at a status conference after any summary judgment motions are resolved.

---

***Defendant's Statement***:  As noted above, *Miller IV* is a different procedural posture than the rest of Plaintiff's cases, as Defendant did not move to dismiss *Miller IV* based upon threshold legal principles that prevent Plaintiff from maintaining suit in U.S. District Court.

14.)    <u>Other Matters</u>: Counsel for both parties are committed to working cooperatively with one another to stipulate to the entry of a protective order needed to guarantee the confidentiality of, and to permit the discovery and disclosure of confidential information, including information covered by the Privacy Act, 5 U.S.C. Section 522a; the Health Insurance Portability and Accountability Act, 42 U.S.C. Section 1320d *et. seq.*; and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

15.)    <u>Electronic Discovery</u>: The parties agree that this case is unlikely to involve a substantial amount of discovery of electronically stored information.

16.)    <u>Clawback Agreement</u>:  The parties believe that a clawback agreement and order, whereby a party may request the return of inadvertently produced privileged information without waiving any privilege thereof, may be beneficial to the parties and will work with each other to include such an agreement in the aforementioned stipulated protective order.

*    *    *

Respectfully submitted,


_____/s/_____            _____
CARL S. NADLER                                JEFFREY A. TAYLOR,
Heller Ehrman LLP                             D.C. Bar No. 498610
1717 Rhode Island Avenue, NW                  United States Attorney
Washington, D.C. 20036
(202) 912-2575
                                              _____
*Attorneys for Plaintiff*                     RUDOLPH CONTRERAS
                                              D.C. Bar No. 434122
                                              Assistant United States Attorney


                                              _____/s/_____
                                              BRIAN P. HUDAK
                                              Assistant United States Attorney
                                              555 4th Street, NW
                                              Washington, DC 20530
                                              (202) 514-7143

                                              *Attorneys for Defendant*


August 12, 2008