UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RICHARD MILLER,  :  <br> : <br> Plaintiff,  : <br> : <br> v.  : <br> : <br> MARK V. ROSENKER, Chairman  : <br> National Transportation  : <br> Safety Board  : <br> : <br> Defendant.  : <br> : | Civil Action No. <br> 06-1071(GK) <br> ("Miller II") |

**MEMORANDUM ORDER**

Plaintiff Richard Miller brings this action ("Miller II") against Defendant Mark V. Rosenker in his official capacity as Chairman of the National Transportation Safety Board ("NTSB") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.[1]

The present matter is before the Court on Defendant's Motion to Dismiss and/or for Summary Judgment pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and/or 56(b) [**Dkt. No. 7**].

Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons set forth below,

---

[1] Two of Plaintiff's complaints were recently dismissed. In Miller I (05-2478), Defendant's Motion to Dismiss was granted [**Dkt. No. 44**], and his Motion for Reconsideration was denied on September 4, 2008 [**Dkt. No. 48**]. In Miller III (07-562), Defendant's Motion to Dismiss was granted on September 25, 2008 [**Dkt. No. 23**]. Only one of his suits remains: Miller IV (07-1832).

Defendant's Motion to Dismiss [**Dkt. No. 7**] is **granted** for Counts III, IV, V, VI, VII, and VIII, and Defendant's Motion for Summary Judgment [**Dkt. No. 7**] is **granted**  for Counts I and II.

**I.   BACKGROUND**[2]

Plaintiff was employed with the NTSB from 1999 until June 30, 2006, when he was removed for unacceptable performance. During that time, he was repeatedly turned down for several positions within NTSB, including Special Assistant, Budget Officer, and Chief Financial Officer.

Plaintiff applied for the Budget Officer position in the spring of 2001. Plaintiff was not selected for this position, and was told that he had not demonstrated the requisite level of supervisory and management skill. A woman was selected for this position in October 2001.

Plaintiff applied for a temporary Special Assistant position in early 2001. There were two vacancies for the position, but Plaintiff was not selected for either. Defendant filled the positions with one man and one woman, both younger than Plaintiff. On April 30, 2001, these two candidates were selected for the permanent Special

---

[2] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. Apr. 29, 2008). Therefore, the facts set forth herein are taken from Plaintiff's Amended Complaint unless otherwise noted. Contested facts that are relevant to Defendant's Motion for Summary Judgment are discussed infra at III.B.

Assistant position. Plaintiff alleges that he contacted an Equal Employment Opportunity (EEO) counselor within forty-five days of learning of the selections for the temporary Special Assistant position and within forty-five days of learning of the selections for the permanent Special Assistant position.

On unspecified dates, Plaintiff was moved to an office on the sixth floor, denied access to emails and documents on Defendant's computer system, excluded from meetings, denied promotion opportunities, prevented from receiving training, and denied a parking spot and a cell phone.

Plaintiff filed a formal discrimination complaint with the NTSB's EEO office on March 13, 2002, alleging discrimination and retaliation.

Plaintiff filed a second EEO complaint on January 21, 2006, alleging thirty instances of discrimination based on mental and physical handicaps, sex, age, and retaliation.

Plaintiff filed this action on June 9, 2006. His Amended Complaint made eight separate allegations: (1) Count I: Gender Discrimination - Non-Selection; (2) Count II: Gender and/or Age Discrimination - Non-Selection; (3) Count III: Gender and/or Age Discrimination – Inaccurate Position Description, Lowered Performance Appraisal, Removal of Duties, Hostile Work Environment; (4) Count IV: Retaliation – Inaccurate Position Description, Lowered Performance Appraisal, Removal of Duties, Hostile Work Environment; (5) Count V:

Discrimination on the Basis of Age, Gender, and/or Retaliation – Disparate Treatment; (6) Count VI: Discrimination on the Basis of Age, Gender, and/or Retaliation – Hostile Work Environment; (7) Count VII: Violation of Workers Compensation Statute; and (8) Count VIII: Violation of the Family and Medical Leave Act.

## II. STANDARD OF REVIEW

To survive a motion to dismiss, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969.

Under the standard set out in Twombly, a "court deciding a motion to dismiss must not make any judgment about the probability of the plaintiff's success ... must assume all the allegations in the complaint are true (even if doubtful in fact) ... [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotation marks and citations omitted).

Where, as here, the Court must consider "matters outside the pleading" to reach its conclusion, a Motion to Dismiss "must be treated as one for summary judgment and disposed of as provided in

Rule 56." Fed. R. Civ. P. 12(b); see Yates v. District of Columbia, 324 F.3d 724, 725 (D.C. Cir. 2003).

A motion for summary judgment, on the other hand, may be granted "only if" the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c), as amended December 1, 2007; Arrington v. United States, 473 F.3d 329, 333 (D.C. Cir. 2006). In other words, the moving party must satisfy two requirements: first, demonstrate that there is no "genuine" factual dispute and, second, that if there is, it is "material" to the case. "A dispute over a material fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" Arrington, 473 F.3d at 333, quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it might affect the outcome of the case under the substantive governing law. Liberty Lobby, 477 U.S. at 248.

In its most recent discussion of summary judgment, in Scott v. Harris, __ U.S. __, 127 S.Ct. 1769, 1776 (2007), the Supreme Court said,

> [a]s we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 . . . (1986) (footnote

omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Liberty Lobby, 477 U.S. at 247-48 (emphasis in original).

However, the Supreme Court has also consistently emphasized that "at the summary judgment stage, the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 248, 249. In both Liberty Lobby and Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000), the Supreme Court cautioned that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts, are jury functions, not those of a judge" deciding a motion for summary judgment. Liberty Lobby, 477 U.S. at 255.

In assessing a motion for summary judgment and reviewing the evidence the parties claim they will present, "[t]he non-moving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Liberty Lobby, 477 U.S. at 255). "To survive a motion for summary judgment, the party bearing the burden of proof at trial . . . must provide evidence showing that there is a triable issue as to an element essential to that party's claim." Arrington, 473 F.3d at 335[3]; see Celotex Corp. v. Catrett, 477 U.S.

---

[3] It should be noted that a non-movant's affidavit may suffice to defeat a summary judgment motion if the parties' sworn

6

317, 324 (1986). "[I]f the evidence presented on a dispositive issue is subject to conflicting interpretations, or reasonable persons might differ as to its significance, summary judgment is improper." United States v. Philip Morris, 316 F. Supp. 2d 13, 16 (D.D.C. 2004) (quoting Greenberg v. FDA, 803 F.2d 1213, 1216 (D.C. Cir. 1986)).

**III. ANALYSIS**

    **A. Defendant's Motion to Dismiss Is Granted for Counts III, IV, V, VI, VII, and VIII Because Plaintiff Failed To Oppose Substantial Portions of Defendant's Motion to Dismiss.**

        **1. Failure to Respond to Defendant's Arguments**

It is clearly established that when a plaintiff's opposition to a motion fails to respond to arguments raised by a defendant, a court may treat those unopposed arguments as conceded. FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997), cited with approval in Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 238 F. Supp. 2d 174, 178 (D.D.C. 2002); see also Day v. D.C. Dep't of Consumer & Regulatory Affairs, 191 F. Supp. 2d 154, 159 (D.D.C. 2002).

Here, Plaintiff failed to respond to the following six arguments that Defendant made in his Motion to Dismiss: (1) failure to timely exhaust his administrative remedies for Counts III and IV,(2) failure to state a prima facie case of retaliation, (3) failure to state a claim for hostile work environment, (4) raised claims already pending before this Court in a separate action, (5) lack of subject matter

---

statements are materially different. <u>Greene v. Dalton</u>, 164 F.3d 671, 674-75 (D.C. Cir. 1999); <u>Arrington</u>, 473 F.3d at 337.

jurisdiction for claims pursuant to the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq., and(6) lack of subject matter jurisdiction for claims pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 et seq.

As a consequence, Plaintiff is deemed to have conceded all six of those arguments, and Defendant's Motion to Dismiss is granted with regard to Counts III, IV, VII, and VIII.

### 2. Plaintiff's Concessions

A Title VII lawsuit is limited to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." Park v. Howard University, 71 F.3d 904, 907 (D.C. Cir. 1995), cert. denied, 117 S.Ct. 57 (1996) (citing Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994)). The integrity of the administrative process depends upon ensuring that a "liberal interpretation of an administrative charge" does not allow a plaintiff "to bypass the Title VII administrative process. Id. at 907.

If a plaintiff files a complaint in federal court that includes a claim that was never mentioned in the administrative complaint, he has failed to exhaust his administrative remedies, and the case may be dismissed. Id. at 909. In Park, a claim was dismissed for failure to exhaust administrative remedies when the complaint alleged only discrimination based on sex and national origin, but not based on hostile work environment. Id. at 908.

In this case, Plaintiff directly concedes that he never presented his age and gender claims to the EEO Counselor. Pl's Opp'n to Mot. to Dismiss at 8. In response to Defendant's assertion that a failure to raise age and gender claims in the administrative complaint bars Plaintiff from raising them in the present Amended Complaint, Plaintiff states that he "does not argue with [Defendant's] analysis generally." Id. Instead, he argues that these claims were "like and similarly related" to the reprisal claim in his original administrative complaint. Id.

Though age discrimination, gender discrimination, and reprisal may be similar in that they all involve harms suffered in the workplace, they are each distinct allegations involving different types of discrimination. As a result, they must each be specifically alleged during the administrative process in order to raise them in a subsequent complaint in federal court. See Park, 71 F.3d at 908. Because Plaintiff failed to do so here and therefore failed to exhaust his administrative remedies, Defendant's Motion to Dismiss is granted with regard to Counts V and VI.

### B. Defendant's Motion For Summary Judgment Is Granted for Counts I and II.

The only argument in the Motion to Dismiss that Plaintiff contested was that he had failed to timely exhaust his administrative remedies with respect to Counts I and II. Plaintiff argues that even if he failed to exhaust his administrative remedies, his claims should not be dismissed because equitable tolling is applicable.

Based on the evidence presented in the Motion, the Opposition, and the Reply, Defendant's Motion for Summary Judgment is granted with respect to Counts I and II.

Where, as here, the Court must consider "matters outside the pleading" to reach its conclusion, a Motion to Dismiss "must be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b); see Yates v. District of Columbia, 324 F.3d 724, 725 (D.C. Cir. 2003). Here, Plaintiff attempts to support his allegations in Counts I and II by making conclusory and unsubstantiated claims, while Defendant rebuts them by citing the Declaration of Fara Guest, NTSB's EEO Director/Diversity Program Manager. Because this Declaration was not included in the pleading and because it must be considered to evaluate Plaintiff's claims, Defendant's Motion to Dismiss must be converted to a Motion for Summary Judgment.

A plaintiff cannot survive a motion for summary judgment simply by making a conclusory, unsubstantiated claim in hopes that he can manufacture a genuine issue of material fact where none exists. See Meijer v. Biovail Corp., 533 F.3d 857, 865 (D.C. Cir. 2008) ("Although, as a rule, statements made by the party opposing a motion for summary judgment must be accepted as true for the purpose of ruling on that motion, some statements are so conclusory as to come within an exception to that rule.") (quoting Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999)).

When a conclusory assertion is unaccompanied by "any supporting facts," a court may grant summary judgment. Messina v. Krakower, 439 F.3d 755, 762 (D.C. Cir. 2006) (quoting Byrd v. EPA, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999)). For example, in Krieger v. U.S. Dep't of Justice, 562 F. Supp. 2d 14, 14 (D.D.C. 2008), a plaintiff's allegation that he had incurred actual damages was considered too conclusory to survive summary judgment because he had not attempted to "quantify" those damages, he had made no showing that the damages resulted from the conduct of the Department of Justice, and he neglected to support his complaint with medical bills showing the treatments he received and their costs.

Here, Plaintiff attempts to dispute three facts alleged in Defendant's Motion to Dismiss: (1) that he learned that the Budget Officer position had been filled by October 24, 2001, (2) that NTSB does not have employee EEO counselors, and (3) that Plaintiff first initiated contact with the EEO Director no later than January 2, 2002.[4] Nowhere in Plaintiff's Opposition to Defendant's Motion does he provide any facts that substantiate his assertions. His sole argument appears to be that because he is a pro se plaintiff, he is

---

[4] Plaintiff also alleges in his Amended Complaint that he sought EEO counseling within forty-five days of learning that he was not selected for the Special Assistant position. He did not repeat this allegation in his Opposition to Defendant's Motion to Dismiss, nor did he include it in his list of disputed facts as required by Local Civil Rule 7(h). In addition, he provided no factual information to support the claim. His conclusory assertion stands alone and unsubstantiated. Accordingly, this allegation does not present a genuine issue of material fact.

11

entitled to equitable tolling of any administrative deadlines that he missed.[5]

Plaintiff provides no case law to support his assertions, no information that would support his version of events, and no facts that suggest that equitable tolling is appropriate. His only factual citations are to Plaintiff's own Declaration, though he includes no citations to specific phrases, paragraphs, or pages within that thirteen-page document that might substantiate his claims. In contrast, Defendant repeatedly cites specific portions of the Guest Declaration.

Relying solely on conclusory allegations that he neglects to buttress with any factual support, Plaintiff presents no material issues of genuine fact. Accordingly, Defendant's Motion for Summary Judgment is granted with respect to Counts I and II.

**IV. CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss [**Dkt. No. 7**] is **granted** for Counts III, IV, V, VI, VII, and VIII, and Defendant's Motion for Summary Judgment [**Dkt. No. 7**] is granted for Counts I and II.

September 29, 2008            /s/
                              Gladys Kessler
                              United States District Judge

---

[5] See this Court's discussion of equitable tolling in <u>Miller v. Rosensker</u> ("Miller III"), No. 07-562, at *6-11 (D.D.C. Sept. 25, 2008).